## WHORTON v. STATE.

(Court of Criminal Appeals of Texas. Nov. 13, 1912.)

1. BURGLARY (§ 41*)—SUFFICIENCY OF EVIDENCE.

Evidence in a prosecution for burglary *held* sufficient to sustain a conviction.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 94–103, 109; Dec. Dig. § 41.*]

2. CRIMINAL LAW (§ 1169*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—CURE BY VERDICT.

In a prosecution for burglary, error, if any, in permitting evidence that defendant was 20 years of age, and that his companion was only 18, was harmless, where the jury assessed the minimum punishment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3088, 3130, 3137–3143; Dec. Dig. § 1169.*]

3. CRIMINAL LAW (§ 532*) — CONFESSION—ADMISSIBILITY OF EVIDENCE—TIME.

In a prosecution for burglary, the testimony of the owner of the store entered that he heard that his store had been burglarized, given preliminary to proving a confession by defendant to witness, made the next morning, was admissible as fixing the time.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1218; Dec. Dig. § 532.*]

4. CRIMINAL LAW (§ 829*) — TRIAL — REQUESTED CHARGES.

Requested charges, which are fully covered by the main charge, are properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

5. BURGLARY (§ 28*)—PROSECUTION — ISSUES AND PROOF—OWNERSHIP.

Under an indictment for burglary of a store alleged to belong to the prosecuting witness, proof that it was the store of the witness and his son was not error, where the witness testified that he was in charge of it.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 67–78; Dec. Dig. § 28.*]

6. BURGLARY (§ 22*)—PROSECUTION AND INDICTMENT—OWNERSHIP.

Where property is owned in common or jointly by two or more persons, an indictment for burglary may allege ownership to be in either or all of them.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 55–61, 66; Dec. Dig. § 22.*]

7. CRIMINAL LAW (§ 784*) — TRIAL — INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.

Where a witness in a burglary trial testified that defendant admitted to him that he was guilty of the offense, it was not necessary to charge on circumstantial evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1883–1888, 1922, 1960; Dec. Dig. § 784.*]

Appeal from District Court, Parker County; J. W. Patterson, Judge.

O. L. Whorton was convicted of burglary, and he appeals. Affirmed.

Hood & Shadle, of Weatherford, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

---

HARPER, J. Appellant was indicted and convicted of burglary, and his punishment assessed at two years' confinement in the penitentiary.

[1] The evidence on behalf of the state would show that appellant and one Ben Davis burglariously entered the store of J. F. Elam & Son, and J. F. Elam testifies that appellant approached him, the morning after his boys claimed to have detected them, and said: "Uncle Jim, I got in your store last night, and that it was not the first time; but he had never taken anything but little things, candy, cigars, tobacco, etc., about four or five dollars' worth, and that if the matter was not reported he would give anything." This statement is not denied, and this, with the testimony of S. D. and Roy Elam, who claimed to have witnessed the burglarious entry, amply supports the verdict.

[2] The appellant claims the court erred in permitting it to be shown that appellant was 20 years of age, while Ben Davis was only 18. As the punishment assessed against appellant, is the minimum fixed by law, this testimony could not have been hurtful to appellant; but the youth of both seems to have been considered by the jury in making the penalty so light. The matter presents no error.

[3] While J. F. Elam was testifying, he was permitted to state he had heard that his store had been burglarized. This was objected to; but as the record discloses that this was but preliminary to proving the statement of appellant above referred to, and that it was the next morning when the statement was made to him by appellant, it was admissible as fixing the time, and the bill presents no error.

[4] The special charge, peremptorily instructing the jury to find appellant not guilty, should not have been given; and the other two special charges requested were fully covered by the main charge of the court.

The court did not err in charging on who are principals under the testimony of S. D. and Roy Elam, and the charge given was an admirable presentation of the law in this respect.

[5, 6] The indictment alleged that the house burglarized belonged to J. F. Elam, while the proof showed it was the store of J. F. Elam & Son. As J. F. Elam testified he was in charge of the store, this presents no error. Branch's Criminal Law correctly states the rule to be that, where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in either or all of them, citing Samora v. State, 4 Tex. App. 508, and numerous other cases; and in section 789 the same author states that the state is not required to prove the want of consent of a person not mentioned in the indictment, citing Burt v. State, 7 Tex. App. 580, and numerous other cases.

[7] As J. F. Elam testified that appellant admitted to him he was guilty of the offense, it was not necessary to charge on circumstantial evidence. Heard v. State, 24 Tex. App. 111, 5 S. W. 846, and Branch's Crim. Law, § 203.

The judgment is affirmed.