### Ray Freeman v. The State.

No. 4381.   Decided March 7, 1917.

**1.—Assault to Murder—Verdict—Judgment—Amendment.**

Where the judgment on the verdict applied the verdict to the wrong count in the same indictment, the judgment will be so amended and reformed as to apply to the proper count.

**2.—Same—Bills of Exception—Filing—Practice on Appeal.**

Where the bills of exception were not filed within thirty days from the final sentence, and there was no order extending the time (the term of court lasting over eight weeks), they must be stricken from the record on motion of the State.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Wichita.   Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of assault with intent to murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*E. L. Fulton*, for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The indictment contains two counts, the first charging an assault with intent to murder, and the second charging an assault to commit robbery. The verdict was applied by the jury to the first count. The judgment on the verdict, as shown by the minutes, applied the verdict to the second count, which was wrong. The judgment will be amended so as to apply to the first count. The final judgment shows the court sentenced defendant for assault to murder and rob. That will be amended so as to conform the sentence to the verdict, and judgment as amended.

There are two bills of exception in the record, neither of which can be considered. The court lasted over eight weeks; the sentence was pronounced on the 11th day of November. This required the filing of the bills of exception within thirty days from the final sentence, without an order extending the time. This was not done, and the bills of exception were not filed until in February, something like eighty days after the pronouncement of sentence. Under the decisions this comes

too late, and the bills of exception can not be considered. The motion of the Assistant Attorney General to strike the bills from the record will be sustained.

This leaves but one question, towit: the sufficiency of the evidence, to be considered. The State's case shows that appellant made an assault upon the alleged injured party and shot him twice. There is evidence enough to have convicted perhaps under either count of the indictment, but the jury confined their verdict to the first count,—assault to murder. Appellant assaulted the injured party at night. He came upon him, caught him by the hand and made demands upon him, and Norris undertook to get away from him and was shot twice at close range. We think the evidence is sufficient to justify the verdict, and the judgment will be affirmed. .

*Affirmed.*