### John Thompson v. The State.

No. 7585 . Decided April 4, 1923.

Rehearing Denied June 13, 1923.

**1.—Transporting Intoxicating Liquor—Possession—Requested Charges.**

In the absence of a showing that a requested charge was submitted to the trial court in a timely manner, the same cannot be considered on appeal. Following Barrios v. State, 204 S. W. Rep., 326, and other cases.

**2.—Same—Reforming Judgment—Two Counts.**

Where the indictment charged two counts, one for transporting and one for possessing intoxicating liquor, and the latter only was presented, and the judgment erroneously applied the verdict to the first count, the judgment will be reformed, applying the conviction to the count in the indictment, charging the possession of the liquor for the purpose of sale.

**3.—Same—Rehearing—Sufficiency of the Evidence.**

Where the motion for rehearing insists that the testimony does not support the judgment of possessing intoxicating liquor for the purpose of sale, a reconsideration of the fact confirms the court's former opinion, and the motion for a rehearing is overruled.

**4.—Same—Second Application for Rehearing.**

A second application for rehearing must be denied as it presents no matter not already considered by the court.

Appeal from the District Court of Knox.  Tried below before the Honorable J. H. Milam.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James A. Stephens,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The indictment charged appellant in the first count with unlawfully transporting intoxicating liquor, and in the second with unlawfully having the same in his possession for the purpose of sale. The second count only was submitted to the jury. Appellant was convicted and his punishment assessed at two years in the penitentiary.

R. W. Land testified that he met appellant in Knox City and had a conversation with him relative to buying some whisky; that they then got in a car, went out about half a mile north of town and he there purchased from appellant a half gallon of white corn whisky. Appellant denied the transaction. The state proved by one Shaver that a few days before the trial appellant inquired of him if he had seen the witness Land, and upon being answered in the negative said to witness "he would give a hundred dollars for Land to leave," but in the same conversation denied having sold him any whisky. Appellant does not deny this conversation, but says he does not remember it, but that if it occurred he was only speaking in a jocular manner. The issue of fact raised by this testimony the jury settled in favor of the state and we would not be authorized to disturb their finding. We find no objection to the court's charge and the indictment is in proper form. One special charge was requested by appellant, but failing to show whether it was submitted to the trial court in a timely manner (Nichols v. State, 91 Texas Crim. Rep., 277, 238 S. W. Rep., 232, and Barrios v. State, 83 Texas Crim. Rep. 548, 204 S. W. Rep., 326) the same can not be considered. We observe, however, in this connection that the charge is based upon the theory that the state's witness Land was an accomplice. The purchaser of intoxicating liquor is no longer an accomplice.

The only count in the indictment submitted for the jury's consideration was that charging appellant with unlawfully having in his possession for the purpose of sale intoxicating liquor. The verdict should have been applied to the only count submitted. We note, however, that the judgment condemns appellant to be guilty of the offense of unlawfully transporting intoxicating liquor when the count so charging was not submitted at all. The sentence correctly applied the verdict to the second count. Only one count having been submitted to the jury and the evidence sustaining that count, it is our duty to reform the judgment and apply the conviction to the count in the indictment charging the possession for the purpose of sale, and the same is accordingly ordered.

Finding no error in the record which cannot be corrected by the reformation ordered, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 16, 1923.

LATTIMORE, JUDGE.—In an earnest motion for rehearing and oral argument appellant insists that the testimony does not support a judgment of guilty of possessing intoxicating liquor for purposes of sale. We have reviewed a gain carefully the short testimony in the record. Witness Land swore positively that in December 1921 he approached appellant and wanted from him some whisky. Appellant told him that he thought he knew where he could get some for him. They got in appellant's car and drove out in the edge of town and appellant got a half-gallon of whisky for which witness paid him ten dollars. There is nothing in the testimony of appellant while on the witness stand which suggests his agency for Land or for any other person, for that matter. He denied in terms any connection with the transaction testified to by Land. After indictment and before trial appellant told the remaining witness, but three having testified, that he would give one hundred dollars for Land to leave. The two simple issues appear: first, did appellant possess liquor? second, did he possess it for purposes of sale? Land swore that appellant sold him the half gallon of whisky. It would be difficult for a man to sell and deliver that which he did not have in possession. We have been unable to bring ourselves to believe this evidence insufficient to justify the jury's conclusion. The connection of no other person with the transaction is testified to or suggested.

Being unable to agree with appellant's contention his motion for rehearing will be overruled.

*Overruled.*

ON APPELLANT'S REQUEST TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant presents a request that he be permitted to file a second application for rehearing. We have examined same, and it presents no matters no already considered by this court, and the request is therefore denied.

*Application denied.*