## H. M. WILLIAMS v. THE STATE.

No. 12410.   Delivered April 10, 1929.
Rehearing granted May 15, 1929.

The opinion states the case.

*Higgins & Glass* of Marlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

Officers discovered a still in operation. Whiskey was being manufactured. Appellant was near the still and at the time the officers came upon him was washing his hands at a barrel which was in close proximity to the still. . He had walked from the barrels of mash to the barrel where he was washing his hands. Appellant alone was present. Later another party came from his residence nearby to the still. This party appeared to be excited. Appellant testified that he had no interest in the still. He declared that he had casually come upon the still while going to repair an automobile, and that he was looking in a water barrel when the officers approached. His affirmative defense was properly presented to the jury and they found against him. We think the evidence is sufficient to support the conviction.

The term of court at which appellant was tried adjourned on the 3rd day of November, 1928. The bills of exception found in the record were not filed until January 5th, 1929. No order extending the time for filing the bills of exception was entered. Under the provisions of Article 760 C. C. P. the bills were filed too late and are not entitled to consideration. Hubbard v. State, 4 S. W. (2d) 971.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

484

LATTIMORE, JUDGE.—We originally refused to consider the bills of exception in this case because filed too late. By nunc pro tunc judgment the docket entry extending the time for filing such bills had been carried into the minutes of the trial court, and this result properly certified to this court. Williams v. State, 14 S. W. (2d) 274. The bills will be considered.

By separate indictment two men, one of whom was appellant, were charged with offenses said to grow out of the same transaction. The case against S was called and an application for severance made. The case against this appellant was thereupon dismissed, the reason for same being that the evidence was insufficient. S was then tried and acquitted. Thereafter appellant was reindicted, tried and convicted for said offense. He asserts that he is injured by the proceeding above referred to, but we are unable to perceive the force of his contention.

Bill of exceptions No. 2 makes complaint of argument, but same is qualified by the court in such manner as that it appears the argument was in reply to and caused by that of appellant's counsel.

We think the trial court correct in sustaining the State's objection to testimony showing that one Bob Lee Smith, who was claimed to have connection with the transaction out of which grew the offense on trial, had made whisky at the place where the officers found the still on the occasion of this raid, some four years before the date of this offense, and that Smith had been convicted for same. Nor do we think it permissible for appellant to prove that shortly before the finding of the still in this case said Smith had been arrested for having whisky in his car.

Officers testified that they found appellant at a still in a pasture; that he had mash and water on his boots and was washing his hands in a cooling barrel. There were a number of barrels of mash near by and whisky was running from the coil. The theory of the defense was that appellant was on his way to the home of Ellen Lewis to work on her car; that he saw the smoke of the still, turned aside and went to it, and was discovered and arrested shortly after he got there; that he had nothing to do with the still or the manufacture of the liquor in process. It was in testimony that appellant had worked in a garage and was called on by people of the community to aid them when they had car troubles. Ellen Lewis swore that she told appellant's brother on the afternoon before his arrest the next morn-

ing, to come and fix her car as soon as he could. The brother and father of appellant swore that they were at work on a house at their home the next morning when the brother told appellant what Ellen Lewis had said, and that shortly thereafter appellant left to go to the home of Ellen Lewis. The place where the still was located was between appellant's home and that of Ellen Lewis. A Mr. Bogus swore that Ellen Lewis lived in a northern direction and appellant in a southern direction from him, and that about 9:30 A. M. of the day of appellant's arrest he came by witness' home and had a conversation with him.

Complaint is made in two or three bills of exception of the fact that appellant's brother and father were not permitted to state that he told them when he left home on the morning in question that he was going to Ellen Lewis' home to work on her car; also of the fact that when at the home of witness Bogus appellant told said witness that he wanted to get from his place a wrench to be used by him in working on the car of Ellen Lewis. We are of opinion this testimony should have been received. While appellant was found by the officers at the place where the still was located, he was seen to do no affirmative act showing him engaged in the manufacture of intoxicating liquor, the offense of which he was convicted. He claimed that he was on his way from his home to that of Ellen Lewis, and only went to where the still was, attracted by rising smoke, and that he had only been there a moment and put his hands in a barrel of water when the officers came up and arrested him. We are of opinion that the statement made by him to his father and brother as to the purpose and intention of his going to Ellen Lewis' home, were part of the res gestae of the transaction, as were also the statements made by him to the witness Bogus. These statements were not self-serving, and in a sense they were made before the commission of the alleged offense and not at a time when appellant might be interested in manufacturing evidence in his behalf. The testimony of witnesses other than appellant, tending to show the truth of his defensive theory, would seem admissible. Such testimony was held admissible in behalf of the State in Porter v. State, 86 Texas Crim. Rep. 23.

Being of opinion that the learned trial judge fell into error in excluding this testimony, and that it was of a nature material to the defense, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*