## CARL ENGLISH V. THE STATE.

No. 15768.   Delivered February 8, 1933.
Rehearing Granted June 14, 1933.
State's Rehearing Denied October 18, 1933.
Reported in 63 S. W. (2d) 547.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Appellant was charged by indictment with the unlawful transportation of intoxicating liquor and in the second count, with the unlawful possession of intoxicating liquor for the purpose of sale. The second count alone was submitted to the jury in the charge of the court. The verdict rendered and received was as follows: "We, the jury, find the defendant, Carl English, guilty as charged, and assess the punishment at one year in the penitentiary."

The judgment reads in part as follows: "That the defendant, Carl English, is guilty of the offense of transporting liquor capable of producing intoxication, as found by the jury," etc.

The sentence contains the same description of the offense.

There are several bills of exception but no statement of facts. In the absence of the statement of facts the bills of exception complaining of the ruling of the court touching the reception and rejection of evidence cannot be appraised; nor do we find in the record any bills of exception relating to other matter which are cognizable in the absence of the statement of facts.

It is deemed the duty of this court to construe the quoted verdict of the jury in the light of the indictment and charge of the court. So construed, it is manifest that the offense of which the appellant was convicted is that embraced in the indictment and submitted to the jury in the court's charge, which is as follows:

"Now, therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Carl English, in Coleman County, Texas, on or about the 1st day of May, 1930, had in his possession whisky for the purpose of sale, you will find him guilty and assess his punishment at confinement in the penitentiary for a term of not less than one year and not more than five years. If you do not believe beyond a reasonable doubt that the defendant was in the possession and control of the liquor in question and that he had it in his possession, if at all, for the purpose of sale, you will find him not guilty and so say by your verdict."

In the charge there is no mention made of the count in the indictment alleging that the appellant unlawfully transported intoxicating liquor. In article 847, C. C. P., it is said that the Court of Criminal Appeals may reform or correct the judgment as the law and the nature of the case may require. Reforming

the judgment upon the above stated facts is understood to be in keeping with many of the decisions of this court. See Robinson v. State, 58 Texas Crim. Rep., 550; Hernandez v. State, 60 Texas Crim. Rep., 382; Gradington v. State, 69 Texas Crim. Rep., 595. In the case of Freeman v. State, 81 Texas Crim. Rep., 24, the facts, as understood, are identical in effect with those involved in the present appeal. See, also, Thompson v. State, 94 Texas Crim. Rep., 554.

The judgment and sentence are reformed so as to declare that the appellant stands convicted of the offense of possession of intoxicating liquor for the purpose of sale, and his penalty assessed by the jury at confinement in the penitentiary for one year, and that upon said verdict he is sentenced to confinement in the penitentiary of the State of Texas for one year. As so reformed, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—At a former day of the term the judgment was reformed and affirmed. No statement of facts was in the record at that time and the bills of exception could not be appraised in its absence. On motion for rehearing it is shown that a statement of facts was filed in the court below in ample time, but by oversight the clerk omitted it when sending the record to this court. The statement of facts has now been sent up and is in the record. No blame attaches to appellant or his attorneys for its absence at the time the case was originally considered. It is proper, therefore, upon the motion for rehearing that cognizance be taken of the statement of facts and the bills of exception.

This is the second appeal. The result of the first is reported in 46 S. W. (2d) 697. Upon the former trial appellant testified in his own behalf. He was not a witness upon the present trial.

The following appears from the state's testimony. On May 1, 1930, Grimes, a State Highway Patrolman, was on the highway near Santa Anna. He passed a Chevrolet coupe parked on the pavement and smelled the odor of whisky. He turned around and came back. He says the man at the car (appellant) was drunk. Grimes went back to Santa Anna and got another officer (Floyd). When they got back to the coupe appellant had the hood raised and apparently was trying to get the car started. The turtle-back of the car was locked. Appellant was asked for the key and replied that he had none, and told the officers he was "just riding in the car and that the man who owned and operated the car had gone in to Santa Anna to get

a mechanic to fix it, and if there was any key to the back of the car the other fellow had it." Appellant was searched for the key and none found in his possession. Floyd would not testify that appellant was drunk, but said he was under the influence of intoxicating liquor. Appellant was arrested. He and the car were taken into Santa Anna. The back of the car was prized open, and some twelve gallons of whisky was discovered.

Appellant proved by J. O. Williams that he lived in Bosque county and had known appellant for twenty-five years; that appellant had worked on the farm for witness from January 1st up to April 20, 1930, at which time appellant left witness' house on foot going west; that appellant owned no car during the time he worked for witness. On cross-examination it developed that witness knew appellant as George Horne. Several other witnesses gave testimony to the effect that when appellant lived in Bosque county he owned no automobile, and had none when he left there on April 20, 1930. Walter Stamford, who lived at Meridian, gave evidence substantially as follows: He knew appellant, in April and May, 1930, and about that time witness made a trip to Breckenridge, and appellant rode in witness' car from Walnut Springs to Eastland; appellant was traveling "afoot" when witness picked him up, and witness let him out "afoot" at Eastland; appellant said he was going west.

Mrs. Bumgardner testified: She lived in Coleman; about the last of April, 1930, appellant came to her house walking; her husband and appellant left there in her husband's car going towards Winters; her husband returned late in the evening and appellant was not with him. Appellant had no car.

Mrs. Emma Brown gave evidence as follows: She lived near Cruz in Coleman county. The latter part of April, 1930, appellant came to her house with Mr. Bumgardner; they came in an old model Ford, which Mr. Bumgardner was driving. Appellant stayed at witness' house for a day or two, and witness' husband carried appellant to Ballinger.

Price gave evidence as follows: He lived near Marlin in Falls county; in June, 1930, he took appellant in witness' car to the home of C. A. Williams, and appellant and Williams left in the latter's car to go to Brownwood.

C. A. Williams testified that he went in his car, taking appellant, to Brownwood to see a man called "Blackie," with whom appellant had a conversation which witness related as follows: "* * * the defendant asked him 'What are you going to do about this case up here against me?' and he asked him what case it was, and Carl told him that they had him for the car

that was caught on the road near Santa Anna, and he told him that he was not going to do nothing; that he had nothing to do with it; that he was out of it, and that he was not going to get into it. There was something said about Blackie owning the car that this man Carl English was riding in and was found with on the road; it was said that the defendant was just riding with this fellow 'Blackie' and that it was his car. * * * The defendant said that he was riding with this man Blackie, that is what he told that man, and I do not know just exactly what Blackie said but anyhow Blackie said that he was out of it and that he was not going to have anything more to do with it. I do not believe that I heard this man justly exactly state that that was his car or not; well, he just said that they had not caught him and that he was just going to stay out of it. The defendant said to Blackie that he thought Blackie ought to come in here and take part of the load off of him and pay as much as the lawyer fees anyhow; that they had him for it and that the car and stuff was Blackie's outfit. But Blackie insisted that he was out of it; he said that he was out of it and that he was not going to have anything to do with it."

The wife of C. A. Williams testified that she went with her husband and appellant to Brownwood and heard the conversation between appellant and Blackie, which she related as follows: "* * * the defendant told Blackie that he did not know that he was riding in a car that was loaded with whiskey and he thought that Blackie should go and help him out in the case, and Blackie remarked that he was out of it and was going to stay out of it."

R. B. Russell testified as follows: He lived at Lorena in McClellan county. In the latter part of February, 1930, he sold a Chevrolet coupe to N. R. Williams. He did not know appellant in the transaction, and did not sell the car to appellant. The notes for the deferred payments were transferred by witness to the Otto Finance Company of McGregor. After appellant's arrest the witness repossessed for said named company the car taken in charge by the officers at the time of the arrest.

Bill of exception number five complains because at the state's objection the court would not permit appellant to also prove by the witness Russell that about a month after he had sold the car in question to N. R. Williams the latter came back to witness with a man who was introduced as Sanders; Williams wanted to know if it would be all right to let Sanders have the car and finish payment on the notes; witness agreed to see the parties to whom the notes had been transferred and report to

Williams and Sanders later, but they never came back to see him about it. The proposed testimony was excluded on the ground that it offended against the rule which prohibits hearsay evidence. We observe nothing which would take it out of such rule. Hence, we are of opinion the ruling of the court was correct.

Bill of exception number one brings forward complaint as follows: On cross-examination of state's witness Grimes he was asked if he saw Floyd, the other officer, search appellant for a key to the turtle back of the car. The district attorney objected on the ground that the witness could not testify what Floyd was searching for. The objection was sustained. We think under the circumstances revealed from the record the court was in error in the ruling. However, we fail to see how any serious harm could have resulted. The state's evidence seems to show beyond question that appellant was searched, and that the object of the search was a key; and that no key was found in appellant's possession.

Bill of exception number two also relates to the cross-examination of state's witness Grimes. It presents no error upon which a reversal could properly be predicated.

In bill of exception number four complaint is brought forward because of the exclusion of a conversation between "Blackie" and appellant. This evidence was offered through the witness C. A. Williams. His evidence which went into the record has been heretofore set out in this opinion, as well as the testimony given by Mrs. Williams. The testimony heard by the jury from the two named witnesses is substantially the same as that mentioned in said bill number four. Under the circumstances the bill presents no such error as calls for reversal.

Bill of exception number six presents no error; it is not thought necessary to discuss the bill.

It is shown by bill of exception number three that in connection with the testimony of J. O. Williams, heretofore detailed, appellant offered to prove by the witness that at the time appellant left witness' house on foot appellant said "he was going out in the direction of San Angelo, Texas, for the purpose of getting work." The statement was excluded on objection by the state that it was self serving. The excluded evidence was offered as tending to corroborate appellant's contention that he had no connection with the car nor the whisky found in it, but was only riding in the car with the owner. We are of opinion the learned trial judge fell into error in excluding the testimony

mentioned. We think it may not under the circumstances of the present record be classed as a self-serving declaration.

Appellant's whole defense was that his only connection with the car was that of a "hitch hiker" riding with the owner or operator of a car, loaded with whisky of which appellant had no knowledge. His movements are given color and purpose by the excluded statement made when he left the home of J. O. Williams, at a time when appellant could not apparently have been interested in either the transportation, possession or sale of whisky, and tended to support his defensive theory. The case of Williams v. State, 112 Texas Crim. Rep., 482, 17 S. W. (2d) 1057, is directly in point sustaining the admissibility of the statements. Obviously, they are not embraced in the exception which prevents proof of acts and declarations under certain circumstances as impinging on defensive issues. The case being one of circumstantial evidence, and the issue of appellant's connection with the liquor being so closely drawn, we are unable to hold the exclusion of the evidence to have been harmless.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully examined the state's motion for rehearing and are constrained to overrule the motion.

*Overruled.*