JESSE QUARLES AND M. M. LEWALLEN v. THE STATE.

Nos. 18576, 18577.   Delivered November 25, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*J. A. Johnson* and *R. L. Thompson,* both of Stephenville, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of cattle; the punishment two and one-half years each in the penitentiary.

Appellants were separately indicted for the offense of theft of cattle, but at the trial, at their request, the cases were tried together. The jury returned a verdict in each case finding each of the defendants guilty and assessed the punishment of each at confinement in the state penitentiary for a term of two years. Judgment was entered accordingly in each case. Inasmuch as both cases were tried together the cases will be consolidated here and disposed of together.

Appellants first complain of the action of the trial court in declining to instruct the jury to return a verdict of not guilty on the ground that it is alleged in the indictment that the property was taken from the possession of Nancy J. Quarles without her consent, but the proof showed that her daughter, Minnie, who lived with her mother at Santo in Palo Pinto County, was a joint owner of the alleged stolen property and her want of consent to the taking of the calves was not proven. We cannot agree with the appellants in their contention for

the reason that Mrs. Quarles testified that all of the cattle and especially those alleged to have been stolen were in her possession and under her control and management. See art. 402, C. C. P., 1925, which reads as follows: "Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs. Where it is the separate property of a married woman, the ownership may be alleged to be in her, or in her husband. Where the ownership of the property is unknown to the grand jury, it shall be sufficient to allege that fact." Also see Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W., 696; Davis v. State, 63 Texas Crim. Rep., 453, 140 S. W., 349; Whorton v. State, 68 Texas Crim. Rep., 187, 151 S. W., 300; Pitts v. State, 14 S. W., 1014.

Appellant's next contention is that the State having relied for a conviction upon the testimony of L. H. Grissom and wife, who were accomplices, was required to corroborate their testi-mony in order to authorize a conviction. Mr. Grissom testified that on or about the first day of November, 1935, he moved into the ranch house belonging to Mrs. Quarles for the purpose of gathering pecans; that on the late afternoon of January 8th he, together with appellants, penned three calves belonging to Mrs. Nancy J. Quarles, roped them in the lot and loaded them into a two-wheel trailer belonging to Grissom, which they hitched on the Jesse Quarles' car and that the appellants then started with the calves to Fort Worth; that two of said calves were Herefords and one a motley faced part Jersey; that the next morning about five a. m. they returned the trailer all messed up.

Mr. Hendrick testified that he saw appellants on or about the 8th or 9th of January after dark on the road with a two-wheel trailer hitched to a car; that the trailer was loaded with cows or calves; that they were going in the direction of Fort. Worth.

Mr. Dunlap testified that his business was to check cattle which were brought to the stockyards to be unloaded; that on January 8th after midnight appellants brought three calves to the stockyards which were unloaded to be sold; that two of them were Herefords, deep red with white faces; and one was.

part Jersey, light red, mixed breed; that the calves were sold to the Norred-Huchens Company.

A check was issued by Norred-Huchens Company in January 9th payable to J. L. Quarles for $53.81. It appears from the record that this check was subsequently cashed by appellants at Mineral Wells, Texas.

The sheriff of Erath County testified that he examined the lot where Grissom said the calves were loaded; that he found calf tracks and automobile tracks in said lot; that a post in the center of the lot showed fresh marks on it made by a rope or lariat; that he examined Grissom's trailer and found signs indicating that cattle had been hauled in it.

We think that the testimony of Grissom and his wife is sufficiently corroborated by facts and circumstances proven by the other witnesses, namely, Hendrick, Dunlap, and the sheriff, and, therefore, overrule the appellant's contention.

By bill of exception number one appellants complain of the action of the trial court in declining to permit them to prove by Alonzo Lewis that he was well acquainted with the defendants; that sometime after Christmas in January, 1936, the defendant, Jesse Quarles, stated to the witness that he owned three calves which he desired to sell and asked witness if he could haul them for him to Fort Worth; that the witness said to defendant, Quarles, that he could not haul three calves because it would be too expensive to operate a large truck unless he could get a full load; that defendant at the time stated that he had two red, white-faced, calves and one motley faced calf which he desired to sell, and asked the witness if he secured a load of cattle within the next few days, to advise him as he desired to send his calves along; but that the witness never secured a load of cattle to be hauled and never notified the defendant Jesse Quarles that he could take his cattle to Fort Worth. The testimony sought to be introduced was a statement made by one of the appellants to the witness about the time the calves were stolen, and it appears to be in the nature of a self-serving declaration. In the absence of a showing that it comes within some exception to the general rule excluding self-serving declarations and hearsay testimony, the same was not admissible. Appellants did not testify; neither did they offer any testimony that they hauled or sold Jesse's cattle. The father and brothers of Jesse testified that Jesse had the same strain and character of cattle as those of Mrs. Nancy J. Quarles; that they knew his cattle as they ran in the same

pasture with their cattle, but neither of them testified that any of Jesse's calves were missing from the pasture.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellants, Jesse Quarles and M. M. Lewallen, file identical motions for rehearing, responding to which we have again examined the record. We are not able to agree with appellant that there is not sufficient evidence to corroborate the accomplice witness Grissom. Grissom's testimony, if true and properly corroborated, makes out a complete case. The wife of Grissom corroborated him by testifying that she saw these two appellants down at the lot where Grissom said they penned the calves and loaded them preparatory to hauling them to Fort Worth. She also corroborated Grissom as to the condition of the trailer in which the calves were hauled when it was brought back the next morning. There is no question but that the calves of Mrs. Nancy J. Quarles were taken at or about the time in question. Possession of similar calves in these two appellants was proved in Fort Worth in the late night or early morning of the next day after their disappearance. There are other circumstances of corroboration.

Appellant insists in his motion that we were in error in holding him not entitled to the proof offered from the witness Alonzo Lewis. We have examined the three cases cited by appellant in his original brief herein, which are again referred to in his motion, and think said cases distinguish themselves from these cases before us both upon the facts and the law applicable. The case of Williams v. State, 17 S. W. (2d) 1057, shows a holding by us that the statements sought to be proved were res gestae of the transaction. No such proposition is involved in the instant cases. In the case of English v. State, 63 S. W. (2d) 547, it was sought to show the accused guilty of illegal transportation of liquor largely by the fact that he was in a car driven by another party in which was a quantity of such liquor. The accused was shown to be going through the country on foot by himself, and that he left the home of a proffered witness on the morning before he was arrested in

said car. He offered to prove by this witness that when he left he was on foot, and that he told the witness he was going out in search of work. We found the case to be one of circumstantial evidence, and were constrained to believe that the statement made by English above referred to, should have been admitted as a circumstance corroborating his claim that he was merely a guest in the car where the liquor was found, and that he had nothing to do with it. In the case of Maladin v. State, 58 S. W. (2d) 91, a conviction for possession of intoxicating liquor for purposes of sale, in which the State relied on the testimony of witnesses who found, in the cellar of a house occupied by appellant, certain whisky. The appellant testified and denied knowing anything about there being any intoxicating liquor in said cellar. He offered a witness to prove that just before the officers came the witness inquired of appellant where he could get some whisky, and appellant told this witness he did not have any. On cross-examination of the witness by whom appellant offered to prove that he had made such statement, the State drew out of said witness that he had gone to said premises looking for whisky. When this was elicited appellant renewed his offer to prove that he told witness that he had no whisky and did not know where he could get any. We held this res gestae of the transaction. We are not inclined to agree with appellant that either of the cases referred to justify a holding on our part that the testimony of Lewis was admissible.

Not being able to agree with appellant in either contention, the motion for rehearing will be overruled.

*Overruled.*