**LIBERTY MUT. INS. CO. v. NELSON.**

No. 11553.

Court of Civil Appeals of Texas. Galveston.

July 29, 1943.

Rehearing Denied Sept. 30, 1943.

Kemper, Hicks & Cramer, of Houston (W. L. Kemper, of Houston, of counsel), for appellant.

Baker, Botts, Andrews & Wharton, and Fred V. Hughes, and Albert P. Jones, all of Houston (Denman Moody, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellee, Hanna Bronstad Nelson, to set aside an award of the Industrial Accident Board in favor of appellant, Liberty Mutual Insurance Company, denying death benefits alleged to be due appellee and to recover compensation for the death of her husband, Alfred G. Nelson, resulting from an automobile collision alleged to have occurred while he was engaged in the course of his employment with Peterson Bros. of Houston, Texas, who carried compensation insurance with appellant.

In answer to two special issues submitted, the jury found that Alfred G. Nelson sustained fatal injuries on October 16, 1940, while acting in the course of his employment with Peterson Bros., and "that manifest hardship and injury would result to the plaintiff, Hanna Bronstad Nelson, in the event her compensation was not paid to her in a lump sum."

Based upon the answers to these special issues, judgment was rendered in favor of appellee for a lump sum recovery of $6,659.-59 from appellant.

The first question presented by appellant in the appeal is whether, at the time Alfred G. Nelson sustained the injuries which resulted in his death, he was actually engaged in or about the furtherance of the affairs or business of his employers, Peterson Brothers.

Alfred G. Nelson, the deceased husband of appellee, died as the result of injuries sustained by him in an automobile collision on the morning of October 16, 1940, at the intersection of Laundale Avenue and Wayside Drive in the City of Houston. At the time of the collision he was driving to Houston from Texas City in a Dodge car owned by him. The deceased was, at the time, employed by Peterson Brothers, a contracting firm, as a foreman in charge of painting on a construction job at Texas City. The record shows that it was a part of his duties as such foreman to obtain material with which to carry on his work. His employer, A. L. Peterson, testified that on previous occasions the deceased had used his own car when it became necessary to procure needed material to carry on his work, and that he was authorized to purchase materials from Pittsburgh Plate Glass Company at Houston for use on the jobs on which he was employed.

The record shows that on the morning of the collision, Nelson was at work in Texas City for Peterson Brothers and that he decided to discontinue the painting on the job for that day and to go to Houston to get some paint and brushes to be used on the job. Nelson lived in Houston with appellee but he had a room in Texas City and as a rule did not go home except at week-ends.

It is apparent from the record that at the time of the collision which resulted in his death, Nelson was following a route which could have taken him to the place of business of the Pittsburgh Plate Glass Company, where he had stated he was going when he left Texas City.

■ While it is settled in this State that, in order to recover benefits under the Workmen's Compensation Act, it must be shown that an employee was injured while he was engaged in or about the furtherance of the affairs or business of his employer, it is also well settled that where an employee mixes personal matters or missions with those connected with his employment, he does not thereby remove himself from the course of his employment. Associated Indemnity Corporation v. Billberg et al., Tex.Civ.App., 172 S.W.2d 157; Maryland Casualty Co. v. Stewart, Tex.Civ.App., 164 S.W.2d 800; Liberty Mutual Ins. Co. v. Boggs, Tex.Civ.App., 66 S.W.2d 787; Galveston, H. & S. A. R. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367.

■ Under the evidence in the record, we think that the jury was amply justified in finding that Nelson was engaged in the furtherance of his employer's business and was in the course of his employment at the time he sustained the injuries which resulted in his death.

Appellant assigns error in the action of the trial court in admitting, over its objection, the testimony of the witness, C. G. Reynolds, as to what the deceased had said to him in a conversation just prior to Nelson's leaving the plant at Texas City on the morning on which he sustained his fatal injury.

The witness, C. G. Reynolds, testified in effect that on the morning of October 16, 1940, he met Mr. Nelson just prior to the time of Nelson's leaving the plant at Texas City and that Nelson told him that he was going to Houston, Texas, to get some paint and some gold stripe brushes that he had to

have before any work could be started on the job, and that he was going to get the material at the Pittsburgh Plate Glass Company at Houston. He testified that after this conversation Nelson got in his car and drove toward the highway.

■ There is a well recognized exception to the hearsay rule which renders admissible testimony as to declarations of deceased persons of intent, or of a present existing state of mind, as a circumstance showing that deceased was acting within the scope of his employment at the time of his death.

In the case of Maryland Casualty Co. v. Kent, Tex.Civ.App., 271 S.W. 929, a wife was permitted to testify as to a declaration made by her husband on leaving his home, to the effect that he would get his mail and see about an order for his employer. This case was affirmed by the Commission of Appeals in 3 S.W.2d 414. This rule laid down in that case was followed shortly thereafter in the case of Royal Indemnity Co. v. Hogan, Tex.Civ.App., 4 S.W.2d 93, writ of error refused, wherein it was held that statements of the deceased, made at the time he left the shop of his employer, that he was going out to drive a car for the purpose of testing it, were explanatory of his purpose in so doing and therefore admissible under the res gestae rule.

The following cases are in accord with the rule above announced: Maryland Casualty Co. v. Stevens, Tex.Civ.App., 55 S.W.2d 149, writ of error refused; Texas Employers Ins. Ass'n v. Shifflette, Tex. Civ.App., 91 S.W.2d 789; Compton v. Republic B. & L. Co., Tex.Civ.App., 67 S.W.2d 1095; Heaton v. Globe Indemnity Co., Tex. Civ. App., 71 S.W.2d 328; Texas Employers' Ins. Ass'n v. White, Tex.Civ.App., 68 S.W.2d 511.

■ In the light of these authorities, we think that there can be no doubt but that the testimony of C. G. Reynolds above referred to was admissible. Under this evidence, the jury was authorized to find that Alfred G. Nelson, the deceased, was making a trip to Houston for the purpose of obtaining materials for use in prosecuting the work of his master. That such a trip was an incident of his employment was, we think, borne out by the testimony of his employer, Mr. Peterson, and other witnesses.

■ It is the settled law that it is immaterial whether the nature of the employment of a compensation claimant involves continuous or only occasional exposure to the dangers of the streets.

In the case of Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402, it was held that an injury need not be sustained on the premises of the employer, nor during the regular hours of work.

In the recent case of Federal Underwriters Exchange v. Lehers, 132 Tex. 140, 120 S.W.2d 791, it was held by our Supreme Court that an employee who had been requested by his employer to call at another store for the purpose of obtaining money and reports was engaged upon a substantial mission of his master.

■ It is now well settled that it is not a necessary prerequisite to a recovery that an employee should sustain his injury while on the premises of his employer, nor is it necessary that the accident should have occurred during the hours of actual service, nor that the deceased at the time of being injured should have been engaged in the discharge of any specific duty incident to his employment. Texas Employers Ins. Ass'n v. Anderson, Tex.Civ.App., 125 S.W. 2d 674, writ of error refused; Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Federal Underwriters Exchange v. Lehers, 132 Tex. 140, 120 S.W.2d 791.

■ Appellant assigns error in the action of the trial court in overruling its objection to and in refusing to instruct the jury to disregard the following alleged argument by appellee's counsel:

"I don't have to comment at any length about Mrs. Nelson's condition. You gentlemen have seen it. She says she needs medical attention. She doesn't own a home. The children have been taking care of her as best they can, the children have been doing what the law intended for this insurance company to do. One of her children is unable to work because she has to stay at home and take care of her mother. Would manifest hardship and injustice result to her if she didn't get her money so that she could get proper medical care and treatment. Just ask yourselves that, gentlemen.

"Now I say this to you, that there is not any better approach to a matter of this kind than to come up to it in the spirit of the Master and follow what He told you: 'Do unto others as you would have them do

unto you'. That is the approach. Just sift this case to the bottom, gentlemen. * * *

"Gentlemen, I don't think there is anything that we can do better than to follow the teachings that come out of that Book, to approach this problem in the spirit of the Golden Rule. Just say to your own minds and your own hearts, and tell me, where is the evidence? Certainly you would think that when the insurance company was down there investigating this thing, while Alfred Nelson was flat on his back, that if there was any evidence, they would have dug it up. They come before you men and put one man on the stand who says, 'I don't have the slightest idea, I don't know and I won't testify'. That is what they say is the evidence, but, on the contrary, you have this deposition that Antone Peterson gave, you have Reynolds' deposition, you have the statement that he gave these insurance men down there two years ago. Doesn't it all testify that Alfred Nelson was working for his employer, he was trying to render a full measure of service, he was trying to justify the confidence that his master reposed in him."

The courts of this state have in the following cases specifically approved of argument similar in all material respects to the argument complained of by appellant: Rio Grande, El Paso & Santa Fe Ry. Co. v. Dupree, Tex.Com.App., 55 S.W.2d 522; Fambrough v. Wagley, Tex.Sup., 169 S.W.2d 479; Sorsby v. Thom, Tex.Civ.App., 168 S.W.2d 873.

■ Appellant also contends that the case should be reversed for the reason that counsel for appellee in his closing argument read to the jury an excerpt from a deposition that had been excluded by the trial court.

The record shows that appellee introduced in evidence the deposition of A. L. Peterson, a member of the copartnership of Peterson Brothers by whom Alfred G. Nelson had been employed, including the following question: "And all these procedures (referring to the general authority delegated to the deceased as painting foreman by his employers) would have been perfectly all right with you and in the scope of his employment, wouldn't they?" The witness answered, "Yes". Upon objection by appellants' counsel, the trial court excluded the following portion of said question: "and in the scope of his employment, couldn't they?" Appellee's attorney in his argument read the entire question and answer to the jury. He states in his brief that his action was due to a misunderstanding of the Court's ruling, and the record shows that after exception to his argument had been taken by counsel for appellant, he requested that the Court instruct the jury in writing to disregard his "inadvertent" action. No objection was made to the argument by appellant and the matter was not called to the court's attention until the jury had left the court room to begin its deliberations and counsel for appellant did not make a motion for a mistrial. When appellant's counsel was asked if he wanted to have the jury instructed to disregard that portion of the argument to which he had excepted, counsel stated to the court that he did not think that it was a matter that could be cured by an instruction. The trial court ruled that the objection had been waived because it had not been raised at the time the argument was made.

The argument in the instant case is, we think, not of such a harmful nature that its effect could not have been removed by a proper instruction. It is the settled law in this State that, in cases where the prejudicial effect of an argument may be cured by withdrawal of the argument or by an instruction from the court, counsel must make his objection at the time the argument is made, and failure to do so constitutes a waiver of any error that may have been committed. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054. This is particularly true when, as in the instant case, the trial court, who was present and heard the argument and was familiar with the facts and circumstances surrounding it, ruled that the objection to the argument had been waived by appellant's failure to raise it at the time the argument was made.

In the recent case of Baker Hotel of Dallas, Inc. v. Rogers, Tex.Civ.App., 157 S.W. 2d 940, writ of error refused 138 Tex. 398, 160 S.W.2d 522, the court in its opinion said: "We think objections should have been made at the time the alleged improper argument was made, either openly, or privately to the court; at least, before the retirement of the jury; or, if appellant deemed the argument so prejudicial as that neither an explanation or withdrawal by counsel, nor an instruction by the court, would have rendered the argument harmless, request should have been made to withdraw the case from the jury and discharge the panel. We do not think a litigant should be permitted to lie in wait, take chances on a

favorable verdict and, being disappointed, sally forth from ambush and, for the first time, complain of an improper argument in the motion for a new trial."

Under the above authorities appellants assignment must be overruled.

We have carefully considered all other assignments presented by appellant in its brief. None of them, in our opinion, show error in the record which requires a reversal of the case. The judgment of the trial court is in all things affirmed.

Affirmed.