HERBERT PENNYE V. STATE

No. 27,045. June 16, 1954.

*Reid & Reid,* by *J. W. Reid,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of whiskey for the purpose of sale in a dry area; the punishment, 60 days in jail and a fine of $300.00.

Two officers of the city of Abilene testified that they apprehended appellant in an alley, that he had a package containing a quantity of whiskey in his hand, and had a pistol on his person.

The appellant's defense, based upon his own testimony and that of his witnesses, was that he and his wife were having an argument, that she got his pistol, which he took away from her, and went out in the alley to hide it from her. He testified that while out in the alley he found the package and was on the way back to his place of business, where he intended to open the package in order to ascertain its contents, when he was arrested.

Appellant offered several witnesses who were present and offered to prove by them that before going out in the alley he had said that he was going to hide his pistol.

If the jury had believed that he made such a statement, it would have been consistent with his defense.

The trial court sustained the state's objections that such statements were hearsay and also refused to permit the appellant to testify that he had made such statements. In this, we think he was in error.

In Porter v. State, 86 Texas Cr. Rep. 23, 215 S.W. 201, we held statements made by deceased as she prepared to leave admissible as res gestae and explanatory of her acts.

In Williams v. State, 112 Texas Cr. Rep. 482, 17 S.W. 2d 1057, we reversed the conviction because the trial court did not permit appellant's father and brother to testify that when the appellant left home on the morning of his arrest he said he was going to the Lewis home.

In English v. State, 124 Texas Cr. Rep. 459, 63 S.W. 2d 547, we reversed the conviction because the court refused to permit the witness Williams to testify that as the appellant left his home he said he was going to San Angelo to get work.

In Liberty Mutual Insurance Co. v. Nelson, 178 S.W. 2d 514, the Supreme Court of this state said:

"It appears that Mr. Nelson's purpose in going to Houston was proved by statements made by him to the witness C. G. Reynolds just before he started on the trip. The Court of Civil Appeals held that such evidence was admissible under the res gestae rule. We think such holding is correct and is supported by the authorities cited in the opinion of the Court of Civil Appeals, to which we here refer."

It will be noted that in each of the cases cited the statement was made immediately prior to the occurrence about which the litigation arose.

Upon another trial we advise the trial court to omit from his charge any recitation about the accused not being the holder of a medicinal or industrial permit. There was no such recitation in the information and no proof thereon, and none was needed. The argument complained of will not occur again, and hence there is no necessity of discussing the same.

The judgment is reversed and the cause remanded.