**Roy MARSHALL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37167.**

Court of Criminal Appeals of Texas.

Oct. 28, 1964.

Rehearing Denied Dec. 16, 1964.

H. R. Rolston, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, life.

Appellant's prior conviction for this offense was reversed because of the admission of hearsay testimony. Marshall v. State, Tex.Cr.App., 366 S.W.2d 572.

Though much more voluminous than at the former trial, the record reflects substantially the same evidence as was summarized in our prior opinion. Since appellant's able counsel did not in the prior appeal and does not here question the sufficiency of the evidence to support the conviction, the facts will not be set forth again.

■ In his brief appellant urges the following bills of exception. Constable Jesse Ray testified that he was the first officer to arrive upon the scene of the homicide, that the ambulance was just leaving and that when he approached appellant and asked him, "What's going on, Roy?", appellant replied that he had shot the S.O.B. and he was glad he did. Appellant's objection to such conversation was that he was under constructive arrest. We do not agree because the evidence does not show that appellant was under arrest at this juncture, but be that as it may, it does show that during such conversation appellant led the officer to the murder weapon, thus making the entire conversation admissible under Article 727, Vernon's Ann.C.C.P. Jones v. State, 167 Tex.Cr.R. 72, 318 S.W.2d 444 and cases there cited.

■ Deceased's widow was permitted to testify over objection that such would constitute a conclusion of the witness that when her husband left the tourist cabin just before the shooting, "He went to help her" (Mrs. Renfro, the owner of the tourist courts). In Porter v. State, 86 Tex.Cr.R. 23, 215 S.W. 201, this Court held statements made by deceased as she prepared to leave admissible as res gestae and explanatory of her acts.

In Williams v. State, 112 Tex.Cr.R. 482, 17 S.W.2d 1057, this Court reversed a conviction because the trial court did not permit appellant's father and brother to testify that when appellant left home on the morning of his arrest he said he was going to the Lewis home.

In English v. State, 124 Tex.Cr.R. 459, 63 S.W.2d 547, we reversed the conviction because the court refused to permit the witness Williams to testify that as the appellant left his home he said he was going to San Angelo to get work.

In Liberty Mutual Insurance Company v. Nelson, 142 Tex. 370, 178 S.W.2d 514, 517, the Supreme Court of this State said:

"It appears that Mr. Nelson's purpose in going to Houston was proved by statements made by him to the witness C. G. Reynolds just before he started on the trip. The Court of Civil Appeals (174 S.W.2d 103) held that such evidence was admissible under the res gestae rule. We think such holding is correct and is supported by the authorities cited in the opinion of the Court of Civil Appeals, to which we here refer."

As we noted in Pennye v. State, 160 Tex. Cr.R. 299, 269 S.W.2d 375, in each of the cases cited the statements were made immediately prior to the occurrence about which the trial arose.

■ Appellant's last complaint is addressed to the cross examination of Mrs. Renfro, who did not testify at the prior trial but who testified favorably for appellant in this case. She was asked if she had not told Constable Ray at the time of his arrival the following:

"I wish you all would do something with that man. He is crazy, and he keeps on hanging around here, and I have asked him to leave and he won't leave, and I have called the City Police to ask them two or three times, and they have condemned me here and said nasty things about me. * * * He just shot that boy in cold blood."

The prosecutor made it known to the court that the question was asked in order to lay a predicate for impeachment. The witness answered, "If I said it, I don't know it." Later in the record Ray gave the impeaching testimony that the witness had made the statement set forth above at the scene and in the presence of appellant. Mrs. Renfro was asked if she did not tell Sheriff Jones some of the matters which we condemned in our prior opinion and the witness gave an unresponsive negative answer. For impeachment the Sheriff was permitted to testify only as to the statement made by the witness which was directly connected with the shooting and tended to explain the transaction which was by this Court held to be a part of the res gestae.

■ Appellant's objection to the question relating to pass keys and appellant's efforts to enter women's apartments at the motel, which we held were inadmissible in our prior opinion, were sustained and the jury was instructed not to consider the questions as evidence. While we do not commend the prosecutor for attempting to circumvent the holding of this Court, we have concluded that no reversible error is reflected by this last contention.

The judgment is affirmed.