## H. P. HURLEY v. THE STATE.

*No. 547.    Decided April 29th, 1896.*

**1.  Theft—Evidence—Loss of Other Property—Intent.**

On a trial for theft of a national bank bill, evidence that the prosecutor had, about the same time and under similar circumstances lost several other marked national bank bills, besides the one in question, was competent and legitimate evidence, and was specially admissible when introduced to show the intent of defendant.

**2.  Same—Testing Witness' Memory—Cross-Examination.**

On cross-examination of the prosecutor, defendant proposed to prove particular acts and occurrences, for the purpose of showing that his memory was bad. Held: Inadmissible, unless the bad memory of the witness is shown to have some pertinency or relevancy to an issue in the case; and it must be shown that on the examination in chief the witness had testified to some material fact against the defendant, so that it would appear that the testimony was material to show his lack of memory.

**3.  Examination of Witness—Illegal Question—Practice.**

Where an improper question propounded to a witness is believed to be prejudicial to the defendant before the jury, he should ask a charge of the court excluding the matter from the jury.

**4.  Charge of the Court—Calling Attention to a Particular Count in the Indictment.**

A charge, in calling attention to a particular count in the indictment, is not erroneous because it also describes the property, while the indictment itself did not contain the description.

APPEAL from the County Court of Bell. Tried below before Hon. JNO. M. FURMAN, County Judge.

This appeal is from a conviction for theft of $5 in money, the punishment being assessed at a fine of $100, and thirty days' imprisonment in the county jail.

The $5 was alleged to have been stolen from H. L. Ater. Ater was a saloon keeper. The appellant, Hurley, was a doctor. He was in the habit of going into Ater's saloon at any time, day and night, and asking for drinks, and Ater would tell him to get the keys out of his pocket and go into the bar and help himself. Ater missed money taken from his pocketbook in his pocket, and he marked several bills, which disappeared. After the bill in question was marked, defendant, as

usual, got the key from Ater's pocket to get a drink; when Ater examined his pocketbook afterwards it was gone. He made complaint; had defendant arrested. Defendant confessed to taking the money, and offered to pay Ater not to prosecute him. In his testimony, in his own behalf, Hurley, the defendant, testified he had taken the $5-bill, but said he simply took it as a joke, and intended to tease Ater about it and then give it back to him.

*Harris & Saunders*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of property, and given thirty days' imprisonment in the county jail, and a fine of $100, and prosecutes this appeal. Appellant excepted to a number of questions asked by the State, assigning as a ground of objection that said questions were leading. The connection in which these questions were asked, or the circumstances in which they were permitted, are not fully stated. It may be that some of them were leading questions, but they present no such cause to this court as would authorize a reversal of this case. Appellant objected to the evidence offered by the State of the witness, H. L. Ater, that he had lost about the same time, and under similiar circumstances, several other marked national bank bills, besides the one charged in the indictment. The court admitted the testimony regarding the loss of said other marked bills, and the defendant saved his exception thereto. No reason is stated in the bill why said other bills should not have been admitted in evidence, and we apprehend no good and sufficient reason could have been assigned. Said other bills were admissible, if for no other purpose, under the circumstances of this case, to show with what intent the defendant may have taken the bill in question. The appellant proposed to prove by the prosecuting witness, H. L. Ater, on cross-examination, that his (witness') habits of life were different since he had lost the money than they were before; and, further, he proposed to prove that he drank a great deal of liquor about the time he claimed to have lost the money, and for several years previous had so constantly used intoxicants that his memory was unreliable and treacherous. This was objected to, and the objection sustained. As an instance illustrative of this, the appellant also proposed to prove by said witness that others, since the occurrence, had gone into the saloon, with his permission, after he had gone to bed, and got whiskey, and that he had forgotten about the transaction until reminded of the same by such parties. All of this testimony, it is insisted by the appellant, was admissible for the purpose of proving that the witness' memory was bad. The bill of exceptions itself does not show the relevancy or pertinency of said testimony as to said witness having a bad memory to any issue in the case. There is nothing in the bill itself to suggest any uncertainty as to the witness' memory in regard to the transaction about which he testified, or that the effect of said tes-

timony would have been to render uncertain and doubtful his testimony about the transaction in question. The bill of exceptions should have shown that the witness, on his examination in chief, had testified to some material fact against the defendant, so that it would appear that the testimony was material to show his lack of memory. If the witness in question had sworn that appellant took the bill in question, the bill of exceptions should have shown this; and if it was the purpose of appellant to show that, the witness' memory being bad, he might have been mistaken as to the appellant taking the bill in question, or that it might have been some one else, or if it was his purpose to show that the appellant was mistaken about his having lost any bill at all, the bill of exceptions should have been full. The bill of exceptions does not pretend to do this, and consequently it cannot be considered. The same observations hold good with reference to the testimony of J. M. Ater, offered by the appellant for the same purpose. It appears that counsel for the State, after the witness, J. K. Pyle, had testified for the defendant as to his good reputation for truth and veracity and honesty in Kaufman County, where he had lived, asked said witness, on cross-examination, if he had not heard a charge that the defendant had taken advantage of a lady in Kaufman County, before he left there. Counsel for the defendant objected, and the court sustained the objection. The County Attorney then said that he proposed to prove that the defendant had gone to a lady, and represented to her that he was agent for another, and thus took advantage of her; and defendant's counsel then took an exception to said question and to the statement of the County Attorney, on the ground that the question was illegal, and was calculated to unduly prejudice the jury against the defendant. We do not think the question was a proper one, and the court acted correctly in excluding it. But it does not appear that the counsel representing the State, knowing the illegality of such question, intentionally propounded it for the purpose of prejudicing the defendant before the jury, and it does not appear to us that it had that effect. If counsel for appellant deemed that it might have that effect, he should have asked a charge of the court excluding the matter from the jury. We do not think there is anything in the contention of the appellant that he was injured by the court instructing the jury, in the third subdivision of his charge, as follows: "You are further instructed that the State in this case asks for a conviction only upon the count in the indictment charging the defendant with the theft of the money alleged to be the property of H. L. Ater, and for the particular money introduced in evidence, the same being the five-dollar bill numbered B32842630— and alleged to have been paid by the defendant to W. T. Brooker; and in this case the defendant can only be convicted, if convicted at all, upon said count, for the theft of any of said money." The charge in question was merely to draw the attention of the jury to the count in the indictment upon which the defendant was being tried. There was no issue or contention as to the description of the money. While it is true such description was not contained in the

indictment itself, yet there was no variance between it and the description given in the indictment. The testimony in this case amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

[NOTE.—A motion for rehearing, filed by appellant May 2nd, 1896, was overruled without a written opinion.—Reporter.]