JOHN SKAGGS v. THE STATE.

No. 4104.   Decided May 5, 1909.

1.—Burglary—Ownership—Possession—Want of Consent.

Where the indictment for burglary alleged that the house alleged to have been burglarized was occupied by B., and the evidence showed that B. did own the house and that it was his residence, but that sometimes he was away from home for a day or two and that during his absence the house was virtually in control of a sister, it was not required of the State to show want of consent on the part of the sister; besides this question was not sufficiently raised in the motion for new trial.

**2.—Same—Different Owners—Want of Consent.**

Where two or more parties may be owners of property, it is sufficient to allege the ownership in either, and the State would only be required to prove the want of consent of the alleged owner. If the others had given consent, it is a matter defendant might prove to show want of fraudulent intent.

**3.—Same—Charge of Court—Recent Possession—Explanation.**

Where upon trial for burglary the evidence showed that defendant shortly after the alleged burglary had the stolen property in his possession and made the statement that he had bought it, the court correctly charged the law of property recently stolen found in the possession of defendant and his explanation thereof, and the same being in proper form, was not on the weight of the evidence.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for burglary the evidence was sufficient to support the verdict of guilty, the same will not be disturbed.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years confinement in the penitentiary.

The opinion states the case.

*S. W. Harman,* for appellant.—On question of recent possession: Hampton v. State, 5 Texas Crim. App., 463; Gilford v. State, 48 Texas Crim. Rep., 312; 13 Texas Ct. Rep., 498.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

1. The indictment alleges the house which was entered was occupied by A. J. Bateman. The evidence shows that Bateman did own the house, and that it was his residence; that he was away from home at times a day or two, and sometimes longer, working, and that during his absence from his residence it was virtually under the control of his sister, who lived a short distance from his—Bateman's—residence. Appellant urges in his brief that in cases of burglary, where the State's evidence affirmatively shows that two or more persons are authorized to consent to the entry of the burglarized house, that the evidence must show want of consent on the part of each and all of such persons. We do not agree with this contention. This question is not sufficiently raised in the motion for a new trial, as we understand that motion, to suggest this question for revision, but even if it had been properly raised, a sufficient answer is that the State is only required to prove the want of consent of the alleged owner. Where two or more parties may be owners of property, it is sufficient to allege the ownership in either, and the State would only be required to prove the want of consent of the alleged owner. If the others had given consent, it was a matter appellant might prove to avoid the evil or fraudulent intent

in entering the house. If, in fact, appellant had the consent of any one authorized to give such consent, it would devolve upon him to introduce evidence of that fact. The State would not be required to go outside and prove the want of consent of all those who may have been interested or part owners of the property, unless the ownership was alleged in them.

2. The court gave a charge in regard to the explanation of property in possession of appellant recently after the alleged burglary. Objection is urged to this charge on the ground that there was no evidence adduced on the trial authorizing it, and that it was calculated to induce the jury to believe that the facts testified by the witnesses Bateman, Rainwater and King constituted, in the opinion of the court, an attempt of the defendant to explain his possession of the property, when no such attempt was made by him. The evidence of one of the witnesses placed appellant at Bateman's residence in the evening of the day the property was taken. The sister of appellant and her family were away from home on a visit in Oklahoma. Rainwater testified he was acquainted with appellant, and remembered the occurrence of the burglary of Bateman's house. That it was some time after the burglary that he heard of it; that on the evening of the fifth Sunday in August appellant was at his residence, in possession of a razor and a hone, and showed them to the witness, stating that he had bought them from Bud Reasoner, and had given him a dollar for the property. That it was the only hone and razor that appellant had. That appellant brought them to his—witness' house—tolerably late in the evening, and exhibited them to him, making the statement above mentioned. While it is not definitely shown that this was the Sunday the house was broken into, the circumstances, perhaps, are sufficient to indicate this. But be that as it may, appellant had the stolen property in possession, and made this statement. The razor and hone in question were found in appellant's trunk at his residence, and recovered by Bateman. One of the witnesses for the State says that appellant came to him and asked, "What does this mean?" Witness replied, "I reckon you know." "Well," he says, "if I will go and get these things, and turn them over to you, will you push the law on me?" Witness replied: "I can't make you any promise." The witness then asked him, "What things do you have reference to?" Appellant replied: "The razor and the hone." The witness said: "Is that all you got, John?" Appellant replied: "That is all I got." The witness then asked him: "Can't you prove where you got those things?" He says, "No, I can't." This conversation occurred when the officer and the witness, among others, were at appellant's house, being armed with a search warrant for the purpose of searching for the stolen goods. During a further conversation in regard to this matter between witness and appellant, witness asked him if he did not claim he got these goods from Bud Reasoner, and he said no—that he could not prove where he got them

—and further stated that he did not get them from Bud Reasoner, and he could not make any such proof. It was in this connection that Rainwater testified to the conversation which occurred between himself and appellant at the time appellant came to his—Rainwater's—residence and exhibited the hone and razor, and claimed to have paid Reasoner a dollar for them. Under this state of case we are of opinion that the court's charge was favorable to appellant, and authorized by the facts. If appellant secured the hone and razor from Reasoner it would be a strong circumstance or fact tending to show that he did not enter the house. One of the main facts upon which the State relied to connect appellant with the entry into the house was his possession of these particular goods. No other property was taken from the house. If appellant bought them from Reasoner the jury would be authorized to acquit. We are, therefore, of opinion that the court not only did not err in giving this charge, but the charge was required by the facts. It is also contended that this is a charge on the weight of evidence. We do not think so. The charge given was in accordance with the decisions of this court. The theory of appellant at this particular juncture seems to be that, the question not being raised by the evidence, it was a charge on the weight of the testimony for the court to assume and charge the jury that it was an issue in the case. We are of opinion that it was an issue in the case, and the court correctly submitted that matter.

3. It is also contended that the evidence is not sufficient. We are of opinion that it is. Appellant was seen on the premises on the evening the goods were taken from the house, which was on Sunday. On Sunday evening late he showed the goods to the witness Rainwater, claiming to have purchased them from Reasoner. This was shown by his own statement to be false; at least, the two statements by appellant went before the jury; it was uncontroverted that he had possession of the property recently after it was stolen, and it was recovered from him shortly after the burglary.

The judgment is affirmed.

*Affirmed.*