## J. A. DAVIS V. THE STATE.

No. 1326. Decided October 25, 1911.

**1.—Theft—Ownership—Partnership.**

Where the indictment alleged the ownership to be in one party and the proof showed that it belonged to a partnership, there was no variance between the allegation and the proof. Following Coates v. State, 31 Texas Crim. Rep., 257, and other cases.

**2.—Same—Evidence—Declarations of Defendant.**

Upon trial of theft, there was no error in admitting testimony that while State's witness was looking for the alleged stolen hides, the defendant told him that he had shipped seven hides on Friday; and this although the evidence showed that the defendant shipped the alleged stolen hides on Saturday, and was not at the time of his statement to the witness accused of the theft.

**3.—Same—Evidence—Other Transactions.**

Upon trial of theft there was no error to admit testimony that with the hides alleged to have been shipped by the defendant were other similar hides, which were lost or missed on the night succeeding the alleged theft. Following Nixon v. State, 31 Texas Crim. Rep., 205, and other cases.

**4.—Same—Evidence—Identification.**

Where, upon trial of theft, the defendant claimed that the alleged stolen property was not sufficiently identified, there was no error in admitting testimony that the alleged owner had described part of his property accurately before the same was found by the officers; besides the identification was complete.

**5.—Same—Charge of Court—Recent Possession—Explanation.**

Where, upon trial of theft, the defendant claimed that he purchased the alleged property and afterwards shipped same, there was no error in the court's charge on the question of possession and explanation, although the property was not in defendant's actual possession when he made explanation.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence sustained the conviction, there was no reversible error.

Appeal from the County Court of Young. Tried below before the Hon. E. W. Fry.

Appeal from a conviction of misdemeanor theft; penalty, seventy-five days confinement in the county jail.

The opinion states the case.

*C. W. Johnson,* for the appellant.—On question of defendant's declarations: McGuire v. State, 10 Texas Crim. App., 125; Fore v. State, 5 Texas Crim. App., 251; Rye v. State, 8 Texas Crim. App., 153; Chumley v. State, 20 Texas Crim. App., 547; Al Brite v. State, 10 Texas Crim. App., 368.

On question of other offenses: Fore v. State, 5 Texas Crim. App., 251; Musgrave v. State, 28 Texas Crim. App., 57; Crass v. State, 30 Texas Crim. App., 481; Nixon v. State, 31 Texas Crim. Rep., 205; McAnnally v. State, 73 S. W. Rep., 404.

On questions of declarations of third party: Byrd v. State, 26 Texas Crim. App., 374.

On question of explanation of possession: Taylor v. State, 15 Texas Crim. App., 356; Stockman v. State, 24 Texas Crim. App., 387; Ayers v. State, 31 Texas Crim. Rep., 406; Holley v. State, id., 159; Arispe v. State, 26 Texas Crim. App., 581; Loving v. State, 18 Texas Crim. App., 459.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of other transactions: Bonner v. State, 35 S. W. Rep., 650; Welhausen v. State, 30 Texas Crim. App., 623, and cases cited in the opinion.

HARPER, JUDGE.—Appellant was charged by information and complaint with theft of property under fifty dollars in value, and upon being tried he was convicted, and his punishment assessed at seventy-five days imprisonment in the county jail.

The information alleged the property to be the property of John Stiffler. The proof shows that the alleged stolen property belonged to John Stiffler and Ed Stiffler, who were in partnership in the purchase of hides. Appellant insists that this is a fatal variance. Article 445 of the Code of Criminal Procedure provides: "When the property is owned in common, or jointly, by two or more persons the ownership may be alleged to be in all or either of them." And in the case of Coates v. State, 31 Texas Crim. Rep., 257, this court has held that "where the indictment alleged the ownership to be in one party, and the proof showed that it belonged to a partnership, there was no variance between the allegation and the proof," under the above article of the Code. See also Terry v. State, 15 Texas Crim. App., 66, and Atterberry v. State, 19 Texas Crim. App., 401.

The evidence in this case shows that John and Ed Stiffler on the night of the 17th of November lost eighteen hides; that one of the hides had peculiar nail marks in it, and three of them, having been kept at coal mines, were black on the inside from coal dust. About the same time, on the 18th, J. M. Davis and his partner also lost twenty-four hides. On the 19th appellant carried to the express office to be shipped to St. Louis a package containing forty-six hides, and the express agent issued him a receipt. The package was marked from J. A. Davis (defendant) to I. Abraham, St. Louis. Prior to opening the package the prosecuting witness described four of the hides he had lost by peculiar marks that should be thereon. Upon opening the package, four of the hides were found to be identical in description to that given by the prosecuting witness, before opening the package, and this fact was admitted in evidence. After the hides had been lost and before finding them at the express office, appellant had told Mr. Wallace, who was searching for the hides, that he shipped seven hides on the 18th day of November. It was proven he had shipped no hides on the 18th, but had delivered the package containing forty-six hides on the 19th of November. This evidence

was objected to. When the hides were found at the depot shipped in appellant's name, he was arrested; he denied them being the hides lost by the Stifflers and Davis and Awalg, and claimed he had purchased the hides he had shipped from a man traveling through the country. He said the man was going east, and had a covered wagon and drove two horses; that he paid seven dollars for the hides. He also introduced evidence of his family that he was at home on Thursday and Friday nights, the nights the hides are alleged to have been stolen, and introduced proof that others had seen the wagon he described passing through, but did not claim anyone saw him purchase the hides.

This is a brief statement of the evidence, and appellant's first contention is that the court erred in permitting Mr. Wallace to testify that the defendant, while he was looking for the hides, told him, Wallace, that he, defendant, had shipped seven hides on Friday. The objection to this testimony, as stated in appellant's bill, is "because the defendant did not in fact ship or deliver for shipment any hides on that date, and the only shipment made by defendant was the shipment made Saturday, containing forty-six hides, and because at the time the statement was alleged to have been made the defendant was not in possession of any hides and was not called on to make any statement about his possession, further stating that the only purpose could be to prejudice defendant before the jury on account of an inaccurate statement, and afforded a conflict between the witness and defendant." Neither of these objections are tenable. While it is true the defendant had not been charged with the theft at this time, yet Officer Wallace was at that time in search of the hides, and defendant must have known that the officer would learn that he had shipped hides, and in making the statement there was but seven in the package he had shipped, while in fact there were forty-six, was admissible as a circumstance in the case, the State relying wholly on circumstantial evidence to convict appellant. Any circumstance connecting appellant with the hides shipped, or misstatement in regard thereto while not under arrest, would be admissible as bearing on his claim that he had in good faith purchased the hides he did ship from an unknown man. Noftsinger v. State, 7 Texas Crim. App., 301, and authorities there cited.

The next objection is that the court erred in permitting the witnesses Awalg and J. M. Davis to testify that on the night succeeding that on which the Stifflers lost their hides they also lost twenty-four hides, and then when Stiffler got the package of hides from the depot where appellant had carried them for shipment, that out of this package Stiffler delivered them the twenty-four hides that had been stolen from them, the objection being that the evidence was not material and relevant to any issue, and prejudicial to defendant's rights, and tended to establish another and distinct offense. In Hurley v. State, 36 Texas Crim. Rep., 73, 35 S. W. Rep., 371, it is

held: "In a prosecution for theft, testimony that the prosecuting witness had lost about the same time, and under similar circumstances, several other marked bills, besides the one charged, is admissible to show with what intent defendant may have taken the bill in question." In this case it was certainly admissible to show that the other hides found in the package that appellant was shipping, were also stolen, and were stolen on the night after the prosecuting witness says his were stolen, and on the night before appellant had placed them in the express office for shipment. Appellant was claiming to have purchased the hides in good faith from a man passing through the community, and this evidence showed that the man who stole these hides must have been in the community Thursday and Friday night as well as on Saturday. Nixon v. State, 31 Texas Crim. Rep., 205; Kelly v. State, 31 Texas Crim. Rep., 211, and authorities there cited.

The next objection is that the court erred in permitting the officer, M. Wallace, to testify that prior to getting the hides out of the depot, the owner, Mr. Stiffler, had described part of the hides stolen from him, and on opening the package shipped by appellant, he found the hides described by Stiffler. The objection in the bill is, "because the defendant was not present, and the testimony was acts and declarations of others and not admissible under the rule of *res inter alios acta,* and irrelevant and immaterial." The bill does not disclose in what connection this testimony was offered, and does not properly present the matter to be passed on. However, we think under the evidence in this case it was admissible. The appellant was contending that these hides were not the hides of Stiffler, and the fact that he had described the hides lost so accurately that the officer could recognize them, would be a strong circumstance tending to prove he was the real owner. But inasmuch as the evidence is overwhelming that those hides were the hides lost by Stiffler, if error, it would be immaterial error, as the ownership was clearly proven by other testimony (Rogers v. State, 26 Texas Crim. App., 404), and there was no evidence that they were not his hides, except appellant's statement that he had purchased them from another man, which would not show they were not Stiffler's hides, but perhaps another had stolen them.

It appears from the evidence that when the appellant was arrested, he stated then he had purchased the hides, and the court charged the jury:

"If you believe from the evidence that the property described in the information has been stolen from the prosecuting witness and that recently thereafter the defendant was found in possession of the same and when his possession was first questioned, he made an explanation of how he came by the same, and you believe that such explanation is reasonable and probably true and accounted for the defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true and acquit the de-

fendant. If on the contrary you believe such explanation was unreasonable, and did not account for the defendant's possession in a manner consistent with his innocence, or that such explanation is reasonable and is consistent with his innocence, but that the State has shown the falsity of the same, then you will take such explanation in connection with all of the other circumstances, if any, in evidence before you, and if you believe that the defendant is guilty beyond a reasonable doubt you will so find, otherwise you will acquit him."

Appellant objects to this charge, because he states "the hides were not in defendant's possession when found, nor when he was arrested, and gave the explanation that he had purchased them." There is nothing in this contention. Whenever possession is traced to a defendant, even though he has parted with possession, and his possession or ownership is challenged, even after he has parted with the property, if he gives an explanation of how he came into possession of it, the court should submit that issue to the jury, and in this case, in doing so, the court fairly presents the issue to the jury for their determination.

The only other grounds attack the judgment in that the evidence does not sustain it. We have read the testimony and it presents a strong case of circumstantial evidence. The charge of the court presents the case as favorably as appellant could request, and the jury who heard the testimony having adjudged appellant guilty, we are not disposed to disturb their verdict.

The judgment is affirmed.

*Affirmed.*