## C. R. Thornton v. The State.

### No. 4146. Decided October 4, 1916.

#### 1.—Burglary—Indictment—Proof—Variance—Ownership.

It has long been the rule in this State, that when property is owned in common or jointly by two or more persons, the ownership may ·be alleged to be in all or either of them, and the State is not required to prove the want of consent of any person not mentioned in the indictment, and there was, therefore, no merit in the contention that there was a variance between the allegation and the proof. Following Skaggs v. State, 56 Texas Crim. Rep., 79, and other cases.

#### 2.—Same—Evidence—Other Offenses—Circumstantial Evidence.

Upon trial of burglary, depending on circumstantial evidence, there was no error in permitting the State to prove that when defendant was found in possession of the alleged stolen property, other property found in his possession had also been stolen at about the same time of the alleged theft, near the same place. Following House v. State, 16 Texas Crim. App., 25, and other cases.

Appeal from the District Court of Taylor. Tried below before the Hon. A. H. Kirby, special judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cunningham & Sewell,* for appellant.—On question of ownership: Taylor v. State, 5 S. W. Rep., 141; Scott v. State, 68 S. W. Rep., 680.

On question of other offenses: Denton v. State, 60 S. W. Rep., 670; Gardner v. State, 117 S. W. Rep., 140; McAnally v. State, 73 S. W. Rep., 404.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the State penitentiary.'

There are four bills of exception, but they present but two questions for review. The first is that as the indictment alleged appellant broke and entered the house of G. H. Willbanks with the intent to steal property therefrom belonging to G. H. Willbanks, that the State ought to have been limited to proof of such allegations, and when the evidence showed that the property in the house was the joint property of G. H. Willbanks and J. D. Pittman, the State ought not to have been permitted to prove that there was stolen from Willbanks' house property belonging jointly to Willbanks and Pittman, and ought not to have been permitted to prove by Pittman that he did not give his consent to appellant taking the property. It has long been the rule in this State that when property is owned in common or jointly by two or more persons the ownership may be alleged to be in all or either of them. (Samora v. State, 4 Texas Crim. App., 508; Calloway v. State, 7 Texas Crim. App., 585; Terry v. State, 15 Texas Crim. App., 66; Clark v. State, 26 Texas Crim. App., 486; Coates v. State, 31 Texas Crim. Rep., 257; Duncan v. State, 49 Texas Crim. Rep., 150; Bailey v. State, 50 Texas Crim. Rep., 398; Lockett v. State, 59 Texas Crim. Rep., 531; Davis v. State, 63 Texas Crim. Rep., 453.) In Branch's Ann. Penal Code, section 2452, the rule is also stated to be: "The State is not required to prove the want of consent of any person not mentioned in the indictment. It is not error, however, to permit it to do so," citing a great many authorities, among them being Skaggs v. State, 56 Texas Crim. Rep., 79. In this case Judge Davidson said: "Where two or more parties may be owners of property it is sufficient to allege the ownership in either, and the State would only be required to prove the want of consent of the alleged owner. If others had given consent, it was a matter appellant might prove to avoid the evil or fraudulent intent in entering the house." While under the allegations contained in the indictment it was not necessary for the State to prove that Pittman did not give his consent to appellant taking the property, yet there was no error in permitting it to do so.

The other three bills all relate to the question of permitting the State to prove that the houses of W. O. Johnson, A. Johnson, J. H. Conner and Jack Conner were entered and property stolen therefrom, it being contended that they each presented separate and distinct offenses, and appellant was on trial alone for breaking and entering

the house of G. H. Willbanks. Ordinarily, proof of other and different offenses than the one for which one is on trial is not admissible, but there are exceptions to that rule, and the evidence in this case comes well within one of these exceptions. The facts in this case would show that Willbanks' house was entered at night and some meat stolen therefrom. Information was received that led the owners and officers to go to Anson, and in Anson they ascertained that Saturday after Willbanks' barn was entered appellant and G. R. Page were in Anson and there sold some meat, three sets of harness and some collars, the harness and collars being sold to G. J. Chittim. When it was ascertained that appellant and Page were in Anson selling meat and this harness, appellant and Page's residences were searched, and in their houses there was found meat corresponding to that stolen, one ham being specifically identified by Thornton as a portion of the meat stolen by the way it was cut and trimmed. The harness purchased by Chittim from appellant and Page was carried back to Abilene and after being carried back the harness and collars were identified by W. O. Johnson, A. Johnson, J. H. Conner and Jack Conner as property stolen from them, a portion on the same night Willbanks' barn was burglarized and a portion stolen the night before. All four of these gentlemen and Mr. Willbanks lived in the same neighborhood and not a great distance from each other. Under such a state of facts, in a case depending on circumstantial evidence, it has always been held to be the rule that it is permissible to prove that when one is found in possession of the property alleged to have been stolen, it may be shown that other property then found in his possession had also been stolen at about the same time of the alleged theft, and stolen from near the same place. This question was discussed by Judge Hurt in House v. State, 16 Texas Crim. App., 25, and decided adversely to appellant's contention in this case. See also Satterwhite v. State, 6 Texas Crim. App., 609, and Wharton's Crim. Ev., secs. 34 to 41, inclusive, and cases there cited from this and other States.

There is no other question presented in a way we are authorized to review the action of the trial court.

The judgment is affirmed.                                  *Affirmed.*