**Billy J. ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35244.

Court of Criminal Appeals of Texas.

Jan. 30, 1963.

Rehearing Denied May 22, 1963.

Billy J. Adams, in pro. per.

Frank Briscoe, Dist. Atty., Gus J. Zgourides and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary, with three prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment under Art. 63, Vernon's Ann.P.C.

The state's proof shows that during the early morning hours of November 27, 1961, a building occupied by Laufman Jewelry Store, at 1138 Travis in the city of Houston, was broken into and burglarized. Entry into the building was gained by breaking a window. In the burglary, five men's diamond rings and two pair of women's earrings were taken.

On December 8, 1961, appellant was involved in a major automobile accident in the city of Houston and was arrested near the scene by accident-investigator R. A. Payne after the officer had determined that appellant was either under the influence of something intoxicating or under the influence of drugs. A search of appellant incident to his arrest by Officer Payne revealed that he had on his person some pills, a pistol, and a box containing a man's gold diamond ring. On December 12, 1961, while being questioned by Officer Martin, who at the time had no knowledge of the burglary, relative to the ring found on his person, appellant orally confessed to the officer that he had burglarized the jewelry store. Appellant thereupon accompanied Officer Martin to the store and showed him how he had gained entry into the building and had taken some rings from a display window. In the conversation, appellant told the officer that he had disposed of two of the rings taken in the burglary by selling them to two named individuals. With this information, the officers went to the two persons named, and recovered the rings which appellant had delivered to them. The three rings recovered by the officers were identified by one of the jewelry store owners as rings taken from the store in the burglary.

The three prior convictions were stipulated.

Appellant did not testify or offer any evidence in his behalf.

The record presents no objections to the court's charge, and there are no formal bills of exception.

We have examined the informal bills of exception appearing in the record and find no reversible error.

Appellant's contention, urged in the trial court, that a fatal variance exists between the allegations in the indictment that the house burglarized was occupied and controlled by William Laufman and proof that the house was the partnership property of William Laufman and his father is without merit. By statute, Art. 402, Vernon's Ann. C.C.P., when property is owned in common or jointly by two or more persons, either as general or special owners, ownership may be alleged to be in all or either of them. Such provision of the statute is applicable

to partnership property.  Davis v. State, 63 Tex.Cr.R. 453, 140 S.W. 349.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.