Gerald Dixon FLETCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 38454.

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

Rehearing Denied Dec. 15, 1965.

Charles E. Benson, Lubbock (on appeal only), for appellant.

Alton R. Griffin, Dist. Atty., George H. Nelson, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The indictment presented November 9, 1960 alleged the burglary of a house occupied and controlled by Boyd Smith with intent to commit theft.

The offense was alleged to have been committed on or about the 20th day of October, 1960, in Lubbock County.

A prior conviction for felony theft on December 2, 1958, in the 99th District Court of Lubbock County, and another conviction in the 140th District Court of Lubbock County for felony theft which became final on August 29, 1957, were alleged for enhancement of punishment purposes.

The case was tried on January 29, 1965. Appellant having on January 15, 1965 made affidavit that he was destitute and without means of employing counsel, the court appointed Wilson Kermickel, a practicing attorney of Lubbock County, to represent him. Attorney Kermickel conducted his defense at the trial which resulted in a jury verdict and judgment of conviction on February 15, 1965.

Appellant was sentenced and gave notice of appeal. Ten days later the trial judge, having been advised of Mr. Kermickel's intention to withdraw as attorney for appellant, appointed Hon. Walter J. Taylor to represent the appellant in his appeal to this Court.

On April 30, 1965 the firm of Benson and Benson of Lubbock was employed to represent appellant on appeal. The case has been briefed and argued by such employed counsel.

Court appointed counsel Walter J. Taylor, upon his motion, was discharged by order of the trial judge entered May 14, 1965.

Time for filing bills of exception was extended upon motion of appellant's employed counsel, but none were filed.

The evidence shows that on October 20, 1960, Lubbock police officers received information that someone was going to break into Boyd Smith Auto Supply in Lubbock that night.

A stake-out was arranged and officers equipped with walkie-talkies and armed with shot guns were watching the building between 9 and 10 o'clock P.M., or thereabout, when a black Plymouth automobile circled the block and stopped in the parking area adjacent to the rear of the Boyd Smith Auto Supply building.

Four men got out of the car and were seen to enter the back door of the building.

When Sgt. Eller and a fellow officer got to the door they found it about halfway open, the bar on the inside having been pushed off or forced to fall off.

The officers pushed their way in and called to the men inside to come out, that the building was surrounded. A few seconds later these officers heard glass breaking.

Other officers, having seen the black Plymouth and having been informed by walkie-talkie that four men had gotten out and had gone in the back door of the building, were watching the front "when suddenly this front glass exploded and these four people—four men came out, just leaped through the window."

Faced by the armed officers and called upon to stop, they did so and were taken into custody. Appellant was identified as one of the four men.

Boyd Smith testified that he was the owner and operator of Boyd Smith Auto Supply and lessee of the building; that the hours for conducting the business were from 8 to 6; that he did not know appellant or either of his companions and did not give either of them permission to enter the building, and that he gave no one permission to enter the building without a key or without permission from him.

The prior convictions were established by the records of the court and the State Department of Corrections and by testimony of the District Clerk and a deputy sheriff in charge of identification.

■ We find the evidence summarized above sufficient to sustain the conviction.

■ The state may allege and prove a prior conviction alleged for the purpose of enhancing the punishment under the applicable enhancement statute. (Art. 61 to 63 Vernon's Ann.P.C.) Howard v. State, Tex. Cr.App., 387 S.W.2d 387; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189 (cert. denied 380 U.S. 980, 85 S.Ct. 1344, 14 L.Ed. 2d 274); Sims v. State, Tex.Cr.App., 388 S.W.2d 714; Redding v. State, 159 Tex. Cr.R. 535, 265 S.W.2d 811 (cert. denied 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661) and cases cited; Breen v. Beto, 5 Cir., 341 F. 2d 96; Taylor v. Beto, 5 Cir., 346 F.2d 157.

■ Appellant's contention that the reading of the portion of the indictment alleging a prior conviction for burglary deprived him of a constitutional right is overruled.

■ In view of Art. 847 Vernon's Ann. C.C.P. and the absence of any evidence to overcome the presumption therein provided, there is no support for appellant's contention that the indictment was not read to the jury and the appellant did not enter a plea. Also, the judgment and charge of the court show the contrary.

■ The contention that appellant's court appointed counsel was not allowed sufficient time to prepare for trial is without merit. While the order appointing counsel upon appellant's request and affidavit of indigency dated January 15, 1965, bears no date, there is no showing that such appointment was made at a later date and less than 10 days before the trial which began January 29, 1965.

Be this as it may, the judgment of conviction recites "Defendant and his appointed counsel waived in writing the period of ten (10) days to prepare for trial."

The inclusion in the transcript of a certificate of the clerk that after diligent search he could not "find that such an instrument has ever been filed in the cause * * *" is not sufficient to destroy the recitation in the judgment. Foster v. State, 170 Tex. Cr.R. 61, 338 S.W.2d 458.

It is contended that the state failed to sustain its burden of proof on the issue of unlawful breaking and entering. It is pointed out that Boyd Smith testified that on the date his building was alleged to have been burglarized he was out of town and further testified that his brother was the store manager and that the brother was not called to testify.

■ Having proved want of consent of the owner and occupant of the building as alleged in the indictment, the state was not required to allege or prove want of consent of any other party claimed to have authority to give consent to the breaking

and entry of the building, this being purely a matter of defense. Mace v. State, 9 Tex. App. 110; Skaggs v. State, 56 Tex.Cr.R. 79, 119 S.W. 106; Thornton v. State, 80 Tex.Cr.R. 64, 188 S.W. 749.

In the absence of any exception to the court's charge, we need not decide whether the evidence showing the breaking and entry of the building was circumstantial or direct evidence.

The remaining and what appears to be the principal ground upon which appellant's counsel on appeal predicate their claim of reversible error is the contention that the trial judge appointed counsel to defend the appellant at his trial who "did not possess the ability and the experience fairly to represent the appellant, to present his defense and to protect his rights."

There is no showing in the record as to the education, background or experience of court appointed counsel.

As to his ability or lack of ability, we are cited to the record of appellant's trial and are informed in the brief that the ability of the same counsel was questioned in Jones v. State, Tex.Cr.App., 388 S.W.2d 429.

■ The constitutional right to counsel does not mean errorless counsel or counsel judged ineffective by hindsight.

The testimony which it is suggested shows the most obvious deficiency of court appointed counsel is the testimony of Boyd Smith that he was out of town; that his brother, who was the store manager, "just told me that they had broke out one of the plate glasses."

■ There was ample proof that appellant was one of four men who entered the building through the back door and escaped into the arms of the officers by breaking through a plate glass window in the front.

We find it unnecessary to discuss other circumstances relied upon as showing trial counsel's incompetence and lack of acquaintance with the Code of Criminal Procedure.

We are unable to agree that appellant was deprived of his constitutional rights as guaranteed by the 6th and 14th Amendments to the Constitution of the United States, or that a different result would have been reached by the jury but for any of the acts or omissions of his court appointed trial counsel.

Other claims for reversal have been considered and are overruled.

The judgment is affirmed.