**Jerry Brent DENMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41106.**

Court of Criminal Appeals of Texas.

March 13, 1968.

A. Fred Fick, Fort Worth (On Appeal Only), for appellant.

Frank Coffey, Dist. Atty., Rufus J. Adcock and Gordon Gray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by virtue of two prior convictions for felonies less than capital, life imprisonment.

One ground of error is urged by appellant in his brief filed with the clerk of the trial court, which is stated as follows:

"Appellant was denied effective legal counsel and representation upon the trial of this case."

Appellant was represented at the trial by Jack A. Carter, Esq., an attorney appointed by the court, and in this appeal is represented by Alfred F. Fick, Jr., Esq., also appointed by the court. The appointment of counsel in each instance was upon appellant's request and affidavit that he was too poor to employ counsel.

It is appellant's contention that he was not effectively represented at the trial, due to the lack of experience of Attorney Carter in the trial of contested cases.

In support of his contention, appellant refers to certain testimony given at a pretrial hearing on his pro se motion to appoint additional counsel, in which Attorney Carter stated—in substance—that due to his lack of practice in the trial of criminal cases he did not feel that he could adequately represent appellant in the case.

At the hearing, Carter testified that the last contested criminal case which he had

tried was in the late thirties or early forties and that he had tried no cases since the new Code of Criminal Procedure went into effect and was not familiar with the code except what he had learned since his appointment in the case some four weeks earlier.

Attorney John Whiteside, called as a witness by appellant, testified that based upon Attorney Carter's testimony he (Whiteside) would be "somewhat" apprehensive if Carter were representing him as a defendant in the case.

Attorney Meto Miteff testfied that in his opinion an attorney of Carter's inexperience in the trial of criminal cases was not qualified to represent appellant in the case.

Reference is also made to practically the same testimony given at a hearing on appellant's pro se motion for a continuance until the court appointed additional counsel to assist Attorney Carter in the trial of the case.

At such hearings it was shown that Attorney Carter was a law school graduate with a license to practice law and was active in the practice of law in Tarrant County. He had a substantial civil practice and made quite a number of criminal bonds, and appeared in court in pleas of guilty but did not try contested cases.

The trial judge, in overruling appellant's motion to appoint additional counsel, expressed his opinion that Carter was "eminently qualified to represent" the appellant.

 The record reflects that, prior to trial, appellant's court-appointed counsel obtained an order from the court authorizing the employment of a psychiatrist, at county expense, to investigate and examine appellant relative to his mental condition. The psychiatrist was employed and, after examining the appellant, reported his findings to the court that appellant was sane.

Upon a bifurcated trial, evidence was first offered by the state showing appellant's guilt of the primary offense of burglary. Witnesses called by the state were fully cross-examined by appellant's counsel.

At the hearing on punishment, the second and third paragraphs of the indictment were read to the jury and proof was offered by the state showing, in support of the allegations, that appellant had twice before been finally convicted of felonies less than capital.

At such hearing, appellant testified as a witness in his own behalf, and witnesses were called by him to testify.

Counsel closely cross-examined the officers concerning a line-up, and objected to the taking of appellant's fingerprints during the course of the trial in his (counsel's) absence.

Following return of the jury's verdict, appellant's counsel timely filed his original and amended motions for new trial, which were overruled.

While objections could have been made to certain leading questions as well as other questions propounded by state's counsel during the trial, the record as a whole does not sustain appellant's contention that he was denied the effective assistance of counsel. As was pointed out by this court in Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393, the constitutional right to counsel does not mean errorless counsel or counsel judged ineffective by hindsight.

The judgment is affirmed.