**Ex parte Jose A. MATTEI.**

**No. 43578.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Ronald A. Piperi, Killeen, Arturo C. Gonzalez, Del Rio, for appellant.

Stanley Kacir, Dist. Atty., Robert B. Wilson and John C. West, Jr., Asst. Dist. Attys., Belton and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking the conviction affirmed by this court in Mattei v. State, Tex.Cr.App., 455 S.W.2d 761, Judges Onion and Morrison dissenting.

The petition addressed to the Judge of the 27th Judicial District Court of Bell County, where the conviction was had, was sworn to by one of the appellant's able attorneys on July 15, 1970, and by the other on July 22, 1970.

Attached to the petition is an affidavit for issuance of a search warrant identical to that quoted in the dissenting opinion in Mattei v. State, supra.

The petition for the writ alleges that the conviction and present confinement is illegal and in violation of the Fifth and Fourteenth Amendments: (1) Because the search, and seizure of the marihuana, was made without a valid search warrant in that said search warrant was issued by the Justice of the Peace on the 8th day of December, 1968, without having received prior thereto an affidavit which would justify the issuance of the search warrant.

(2) The marihuana allegedly found in the apartment was introduced "over timely motion to suppress and objection of your petitioner."

The petition further alleges: "The contention of the state in this cause has been that the affidavit executed by one Cordus Jackson, Jr., on the 5th day of December, 1968, a copy of which is attached, served as the basis for the issuance of the search warrant dated December 8, 1968, and as the

result of which Petitioner's apartment was searched on December 10, 1968."

The petition then alleges that the affidavit dated December 5, 1968, is legally defective and insufficient for the issuance of the search warrant dated December 8, 1968, and sets out nine reasons for such contention.

The prayer of the petition was that the District Court grant a writ of habeas corpus " * * * to have petitioner brought forthwith before this court to the end that all issues of fact, which are material on the question of whether your petitioner is illegally restrained from his liberty, which have not been previously resolved, and upon final hearing of such issues, this court make and file its findings of fact and conclusions of law and upon filing of the same, this petitioner be discharged from such illegal confinement and restraint."

A "request for setting" addressed to the Judge of the 27th District Court of Bell County, signed by one of petitioner's counsel, filed August 26, 1970, requested that the petition be set for hearing at the earliest time convenient to the court, stating: "If the Court does not desire to fix a date for hearing of Petitioner's Habeas Corpus, then the same should be denied," and praying "that this court set this cause for hearing or in the alternative, that petitioner's petition for writ of habeas corpus be denied."

Hon. Jas. K. Evetts, Judge of the 27th Judicial District of Texas, who presided at the trial, granted the alternative prayer and denied the petition without a hearing upon the following findings of fact and conclusions of law:

"The petitioner is once again trying to attack evidence which was never before the Court, the affidavit to the Search Warrant. This affidavit was never read by the Court, never marked for introduction by the Court, never offered in evidence for the Court and never placed into evidence. This Court does not know whether this was error on the part of the Defendant or simply trial tactics of the

Defendant. If it is error then the issue should simply be one of whether or not the attorneys for the Defendant were competent or not. If lack of introduction of the affidavit was a tactical device then the Defendant is bound by it. As this Court understands the rules of evidence and the rules applicable to the district and appellate Courts, it is not called upon to take into consideration matters which are not timely introduced before the Court considering the same. This Court respectfully notes his inability to understand the procedure wherein a judge in a dissenting opinion in effect advises a defendant of a future plan of action to follow in his case whereby he may circumvent the action of the trial Court and the action of the majority members of the appellate Court, and whereby such judge would, it appears be bound in future litigations in the matter. See Mattei v. State [Tex.Cr.App.], 455 S.W.2d 761, 771.

"In either case no evidentiary hearing is necessary. No new evidence is before this Court and all issues otherwise have been resolved by this Court and the Court of Criminal Appeals of the State of Texas.

### "CONCLUSIONS OF LAW

"1. The affidavit which petitioner attacks is not before this Court nor is the issue of competency of counsel before this Court for determination. Neither trial tactics nor counsel judged ineffective by hindsight deprives a defendant of the effective assistance of counsel at his trial. See: Williams v. Beto, 5 Cir., 354 F.2d 698, 704; Garcia v. State, Tex. Cr.App., 436 S.W.2d [139] 138; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

"2. No evidentiary hearing is necessary.

"3. The application for Writ of Habeas Corpus is without merit and should be denied."

The matters upon which Judge` Evetts made his findings of facts were within his personal knowledge and related to matters which occurred or did not occur in open court during the trial.

By brief filed in this court, petitioner complains that the trial court erred (1) in not granting him an evidentiary hearing;

(2) in saying that the affidavit was never before the trial court;

(3) in saying that the affidavit was never offered in evidence "before this Court"; and

(4) in saying that all issues have been resolved by *this* Court.

In oral argument before this court, counsel for the state conceded that the application for a search warrant which the trial judge certifies in his findings "was never read by the Court, never marked for introduction by the Court, never offered in evidence for the Court and never placed into evidence," is the same as that quoted in the dissenting opinion in Mattei, supra, and as that attached to the petition for writ of habeas corpus.

Counsel for petitioner concede, in oral argument before this court, that the question of the admissibility of the evidence obtained as a result of the search was raised by motion to suppress prepared before the trial, but urge that nevertheless the burden was upon the state and not the defendant to produce the affidavit, and that the majority opinion was in error in holding otherwise. We do not understand the dissenting opinion as agreeing with this view. Even so, the question has been resolved by the majority opinion affirming the conviction under attack.

We are at a loss to find any unresolved issue of fact which, if resolved, would alter the views expressed in the dissenting opinions should a hearing be ordered.

If the burden was at any time placed on the state to introduce the affidavit upon which the search warrant issued, the state failed to meet such burden.

If, on the other hand, the burden was upon the defense to prove the allegation of

the motion that the search warrant was issued without an affidavit; or to produce the affidavit upon which it was issued and show the court that it was insufficient to support the issuance of the search warrant, any right the petitioner had to question the validity of the search on either of the grounds now assigned has been waived.

As to this case being treated as one where objection to offered testimony as to the fruits of a search which cast upon the state the burden of showing a valid search, and despite the suggestion that "there were objections all along the way," the record in *Mattei v. State* reflects that the only objections that were made after the motion to suppress was overruled refer to the motion to suppress for grounds stated in the motion, and the additional ground of objection to the testimony of Officer Shelton "for the reason that the search warrant issued December 8, 1968, was directed to a Mr. Cordus Jackson, Jr." and Detective Shelton testified without further objection stating any grounds, and the physical evidence obtained in the search was admitted without any objection other than "We raise the same objection," and "for the same reasons that we have incorporated in our motion."

Also, after the 12 exhibits had been identified and admitted in evidence without objection stating any ground, testimony was elicited from Officer Shelton by petitioner's counsel as follows:

"Q. Mr. Shelton, all of the exhibits that have been introduced in evidence by the Government were actually seized by you personally, were they not?

"A. That's correct, yes, sir.

"Q. And you were the first person who entered Apartment Number Five?

"A. Yes, sir.

"Q. And you were the one that knocked on the door and was the first person to come into Apartment Number Five?

"A. Yes, sir."

Also, Criminal Investigator Nelson testified without objection other than on the ground "he didn't have a search warrant" and the "arrest had not preceded the search warrant, therefore anything he might say in regard to the search or anything regarding the fruits of the crime would be in violation of the constitutional rights of this defendant, and we object to it."

Such objection being overruled, the witness Nelson testified regarding the search of the apartment in which he participated and the suit case he found and delivered to Officer Shelton, and identified the defendant Mattei as being in the apartment at the time.

Criminal Investigator Bishop testified that he accompanied Detective Shelton into the apartment and found a brown paper bag on a closet shelf which Lieutenant Shelton, who had showed him the envelopes with prices marked on them in a drawer, also seized. This testimony was admitted without objection other than that stated when the witness was called: "Raise the objection that I incorporated in my motion and the Statement that I have made here to the Court so I wont be getting up and objecting everytime."

That the substance in the bags and various containers in evidence was marihuana was shown by the testimony of Ronald W. Mitchell, whose qualifications were shown and conceded by counsel for petitioner without objection.

To summarize—

A motion to suppress the evidence obtained as the result of a search under a search warrant was filed, heard and overruled before the state offered testimony as to the result of such search.

The search warrant was introduced before the court, "just for the purpose of leveling our objection and for no other purpose, for making up our record," but the affidavit upon which it issued was not.

This is understandable because it was contended by the defense that the search warrant was issued December 8, 1968, without *any* affidavit having been filed prior to the issuance.

The search warrant introduced recited on its face that a sworn complaint had been filed and evidence was offered by the defense that Cordus Jackson, Jr. had made an affidavit for a search warrant on December 5, 1968.

A search warrant issued December 5, 1968, reciting that a complaint in writing under oath which was attached and made a part of such warrant, was introduced by the defense in support of his motion to suppress. The complaint or affidavit of December 5, 1968, was never before the Court, "was never read by the Court, never marked for introduction by the Court, never offered in evidence for the Court and never placed into evidence." These findings of fact by the trial judge are supported by the record and are accepted as true by this court in disposing of this petition for writ of habeas corpus.

Not having sustained his burden of establishing that the search under warrant was illegal, and no objection or evidence having been made or introduced requiring the state to introduce the affidavit upon which the search warrant was issued, any right to complain after the conviction becomes final that the affidavit which the defense contended at the trial did not exist, was defective or insufficient, has been waived.

The petition for writ of habeas corpus is denied on findings and conclusions of the District Judge without a hearing.

## DISSENTING OPINION

ONION, Judge.

I dissent to the action of the majority in denying the application for writ of habeas corpus. I would grant the same and set aside the conviction for the reasons set forth in my dissenting opinion in Mattei v. State, Tex.Cr.App., 455 S.W.2d 761. And this is particularly true since the State has now conceded in oral argument that the affidavit quoted in such dissenting opinion is in fact the affidavit in question.

I write further in view of the fact that the trial court and the majority of this court have consistently denied the petitioner any opportunity to vindicate his federal constitutional rights in state courts. On original submission the majority of this court affirmed without resolving the search and seizure issues raised finding the affidavit for the issuance of the search warrant not properly in the appellate record, using a state procedural rule that it was incumbent upon the appellant to see that such affidavit was contained in the appellate record to be considered on appeal. Now on this post conviction writ of habeas corpus the majority without any additional evidence shifts its position and finds, for the purpose of denying the petitioner an evidentiary hearing, that he waived his constitutional rights without any showing that he did so knowingly, voluntarily and intelligently.

In his application for writ of habeas corpus petitioner alleges his conviction, obtained in violation of due process of law, is void for want of the jurisdiction of the court to enter such judgment. See Fifth and Fourteenth Amendments, U.S. Constitution; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Ex parte Young, Tex. Cr.App., 418 S.W.2d 824.

In said application the petitioner alleges he is illegally restrained in violation of his constitutional rights; that his conviction was obtained by use of evidence illegally seized. See Fourth Amendment, United States Constitution. Article I, Sec. 9, Texas Constitution, Vernon's Ann.St.

He alleges his apartment in the city of Killeen was searched on December 10, 1968, by virtue of a search warrant issued on December 8, 1968, without any affidavit supporting the same having ever been filed

with the magistrate.[1] He also contends that if the search warrant dated December 8 was in fact based upon an affidavit dated December 5, 1968, which had already served as the basis for a search warrant returned "unexecuted" that such procedure was legally impermissible. In the alternative he alleges that if such procedure was legally possible, such affidavit does not reflect probable cause and does not meet the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

These issues were not resolved on appeal. 455 S.W.2d 761. The majority concluded that the affidavit dated December 5, 1968, was not properly in the record before us and therefore whether it met the tests of Aguilar and Spinelli was not considered in the majority opinion. Further, with regard to the petitioner's first contention, the majority opinion stated:

"Without the affidavit upon which the search warrant was issued, we have only the fact that the search warrant dated December 8, 1968, was issued upon an affidavit made three days before, and that a search warrant had issued on the same affidavit and been 'returned unserved.' This is not alone sufficient to show that the search warrant was issued without affidavit showing probable cause."

Thus it is clear that the issues raised by petitioner were not fully resolved by the original appeal on the basis of a procedural default.

Now as to the claim of waiver of a federal constitutional right, let's examine the record which is described in some detail in 455 S.W.2d 761.

Prior to trial appellant's counsel announced to the court that he intended to object to certain evidence if offered by the State. When the State sought to elicit evidence of the search appellant orally objected and filed his motion to suppress.

At the hearing in absence of the jury appellant introduced the search warrant dated December 5, 1968, based on the affidavit of the same date. Such exhibit contained the phrase "which complaint is hereto attached and expressly made a part hereof." The affidavit or complaint dated December 5 was handed to two officer-witnesses and identified by them in the presence of the trial judge as the affidavit filed by them on that date. Subsequently, appellant's counsel read to the trial court from the affidavit and argued at length that it did not meet the tests of Aguilar and Spinelli. The same is contained within the transcription of the court reporter's notes. It is a well established rule that that which is read into evidence without objection has the same effect as if the instrument had been introduced. The State in its brief on appeal acknowledged the affidavit was "quoted * * * to the court."

Upon discovering, after conviction, that the affidavit was not contained in the record, the appellant objected to the approval of the record for the failure to include the same. Despite the mandatory language of Article 40.09, Sec. 7, Vernon's Ann.C.C.P., he was not accorded a hearing thereon by the trial court. He then sought to use a formal bill of exception attaching thereto a copy of the affidavit. See Article 40.09, Sec. 6, V.A.C.C.P. Such bill was refused. Having no other recourse, the affidavit was attached to the brief on appeal. As noted, the majority refused to consider the affidavit on appeal.

Following the affirmance the appellant sought an evidentiary hearing under the provisions of Article 11.07, V.A.C.C.P. And as noted by the majority opinion he attached to his habeas application a copy of the affidavit in question. Once again, the trial judge denied a hearing.

[1]. Attention is called to the testimony of Officer Cordus Jackson that on December 8, 1968, no new affidavit was presented to the magistrate and that he had not obtained any additional information.

In Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, it was held that one convicted in state court after a trial in which illegally obtained evidence was admitted without contemporaneous objection is not precluded from pursuing vindication of his federal claim as to evidence in a federal habeas corpus proceeding, at least unless it is shown that he deliberately bypassed the orderly procedure of the state courts.

It is difficult for me to see how it can seriously be claimed that appellant deliberately bypassed orderly procedure of the state and thereby waived his federal constitutional rights. In fact, it may be questioned whether he was even afforded the orderly procedures of the state.

And it does not seem to me that the State's insistence on compliance with its procedural rule involved serves such a legitimate state interest as should prevent vindication of a federal constitutional right even if it can be claimed there was a procedural default.

Further, it must be borne in mind that the United States Supreme Court has always set high standards of proof for waiver of constitutional rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The waiver of constitutional rights will not be "lightly inferred" and the courts will "indulge every reasonable presumption against [the] waiver of fundamental constitutional rights." Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. The "waiver" referred to may be defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, supra. And it is now clear that such waiver must be knowingly, voluntarily and intelligently made. As stated in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

How then can there be waiver under this record with objections all along the way is difficult for me to comprehend.

In Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227, the Supreme Court pointed out:

"The Government concedes in its brief that we have already rejected this approach with respect to the availability of the federal habeas corpus remedy to state prisoners. This rejection was premised in large part on a recognition that the availability of collateral remedies is necessary to insure the integrity of proceedings at and before trial where constitutional rights are at stake. Our decisions leave no doubt that the federal habeas remedy extends to state prisoners alleging that unconstitutionally obtained evidence was admitted against them at trial. See e. g., Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Warden Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); see also Henry v. Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 13 L.Ed. 2d 408, 415 (1965)."

Petitioner, having now exhausted his state remedies, will undoubtedly proceed to federal court to seek the justice he has been denied by our state courts.

For the reasons stated, I dissent.