**Harvey PICKENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00864–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 1989.

Henry C. Paine, Jr., Bryan, for appellant.

Bill Turner, Dist. Atty., Deena J. McConnell, Asst. Dist. Atty., Bryan, for appellee.

Before O'CONNOR, EVANS and DUGGAN, JJ.

OPINION

O'CONNOR, Justice.

A jury found appellant guilty of burglary of a habitation. Appellant pled true to two enhancement allegations, and the trial court assessed punishment at 40 years confinement. In one point of error, appellant contends the evidence is insufficient to show that he entered the habitation without the effective consent of the owner, Hung Tran.

The State alleged appellant entered the habitation with the intent to commit theft "without the effective consent of Charles Hileman, the owner thereof...." Hileman testified he did not give appellant consent to burglarize his apartment or to take any of the property inside. Appellant argues that Tran, who was the roommate of Hileman, was also required to testify that appellant entered the apartment without his consent.

Appellant's point of error is without merit. Where there is more than one owner of property, the State is required to allege and prove ownership in only one of them. Tex.Code Crim.P.Ann. art. 21.08 (Vernon Pamph.1989). The State alleged and proved that appellant entered the apartment without Mr. Hileman's effective consent. There is no evidence Mr. Tran gave appellant consent to enter; thus, Mr. Tran's testimony was not required. *See*

*and compare Villanueva v. State,* 711 S.W.2d 739 (Tex.App.—San Antonio 1986), *pet. ref'd per curiam,* 725 S.W.2d 244 (Tex. Crim.App.1987).

We overrule appellant's point of error and affirm the judgment.