ALVIN HENRY LANE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-253-CR

NO. 2-03-254-CR

ALVIN HENRY LANE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I.  
I
NTRODUCTION 

In two issues,
(footnote: 2) Appellant Alvin Henry Lane (“Lane”) appeals his convictions on two unrelated charges that were jointly tried:  (1) possession of a controlled substance, namely cocaine, in the amount of more than four, but less than two hundred grams and (2) unauthorized use of a motor vehicle. 
 We affirm.

II.  
M
OTION
 
TO
 
S
UPPRESS

In his first issue, Lane complains that the trial court erred in overruling his motion to suppress evidence (the cocaine) because it was obtained through an unlawful search and seizure, specifically, a pretext stop of his vehicle.  However, we need not address the merits of Lane’s first issue because it has been waived. 
 It is well-settled that when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. 
 Williams v. State
, 834 S.W.2d 502, 507 (Tex. App.—Fort Worth 1992, pet ref’d.).  However, when the accused affirmatively asserts during trial that he has “no objection” to the admission of the evidence complained of, he waives any error in the admission of the evidence despite the earlier adverse ruling.  
See Jones v. State
, 962 S.W.2d 158, 167 (Tex. App.—Fort Worth 1998, no pet.)

In this case, defense counsel filed a pre-trial motion to suppress asking the court to suppress the cocaine seized from him at the time of his arrest. After a hearing, the trial court denied Lane’s motion.  During the guilt/innocence phase of the trial, when Lane’s counsel affirmatively stated that he had “no objection” to the introduction of State’s exhibits #2 and #3 (the cocaine) into evidence before the jury, he waived his right to complain on appeal about its admissibility. 
 See id
.  Therefore, we overrule Lane’s first issue.

III.  
S
UFFICIENCY
 
OF
 
E
VIDENCE

In his third issue, Lane complains that the trial court erred in overruling his motion for directed verdict because there was insufficient evidence to show that Lane lacked permission to operate the motor vehicle.  “A challenge to the denial of a motion for an instructed verdict is actually a challenge to the legal sufficiency of the evidence.”  
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In order to secure a conviction for unauthorized use of a motor vehicle, the State is required to prove that the defendant intentionally or knowingly operated another’s motor-propelled vehicle without the effective consent of the owner. 
 Tex. Penal Code Ann.
 § 31.07 (Vernon 2003).  “Owner” means a person who has title to the property; possession of the property, whether lawful or not; or a greater right to possession of the property than the actor.  
Id
. at § 1.07(a)(35)(A).  

Here, Ron Boyer was the owner alleged in the indictment.
  He testified that on December 16, 2002, he was employed as the operations director for Hudiburg Chevrolet.  In that capacity, when new vehicles arrived at the dealership, each was inspected under his supervision; keys, owner’s manuals, and warranty books were removed; and it was then logged into the dealership’s computer.  Boyer testified that in the early morning hours of December 16, 2002, he received a call from the Fort Worth police department dispatcher regarding the Chevy Tahoe Lane was driving when he was stopped by a Fort Worth police officer.  Boyer went to the dealership, pulled up the VIN number on the computer, and determined that the vehicle was listed in the dealership’s inventory and had not been sold.  Boyer testified that he had never seen Lane before the day he appeared to testify in court, and he never gave Lane consent to operate the vehicle.  He also testified that, in his role as operations manager and based on what he knows about the operation of Hudiburg Chevrolet, Lane did not have permission to drive the vehicle.  Finally, Boyer testified that under certain circumstances, other management personnel could authorize a non-employee to drive the dealership’s vehicles,  but he also testified that he checked with those managers the following day and “nobody authorized [the] vehicle to be gone.”  Lane presented no evidence to rebut Boyer’s testimony.

On appeal, Lane argues that because Boyer conceded he was not the only dealership employee who could authorize others to operate a vehicle, another employee might have given him permission to drive the vehicle, and this possibility renders the evidence of lack of consent insufficient.  However, where the State proves the lack of consent of the owner alleged in the indictment, the State is not required to allege or prove lack of consent of any other party claimed to have authority to give consent.  
Fletcher v. State
, 396 S.W.2d 393, 395-96 (Tex. Crim. App. 1965), 
cert. denied
, 386 U.S. 928 (1967).  The consent of some party, other than the owner named in the indictment, who claims to have authority, is purely a matter of defense.  
Id
; 
Pickens
 
v. State
, 768 S.W.2d 496, 496 (Tex. App.—Houston [1
st
 Dist.] 1989, no pet.).  Here, Lane did not offer evidence that any authorized individual gave him permission to operate the vehicle.  In the absence of such evidence, the testimony of lack of consent offered by Boyer, as the owner alleged in the indictment, was legally sufficient to prove that Lane lacked effective consent to operate the vehicle.  We overrule Lane’s third issue on appeal.   

IV.  
C
ONCLUSION 

Having overruled Lane’s issues on appeal, we affirm the judgments of the trial court.

BOB MCCOY

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 March 25, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4
.

2:
At oral argument, Lane, through his counsel, withdrew the second issue in his brief regarding the trial court’s denial of his request for a jury charge pursuant to Article 38.23 of the Texas Code of Criminal Procedure.  Therefore, we will only address his first and third issues.