COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
  
NO. 2-03-253-CR
NO. 2-03-254-CR
 
  
ALVIN 
HENRY LANE                                                              APPELLANT
 
  
V.

  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. 
INTRODUCTION
        In 
two issues,[2] Appellant Alvin Henry Lane (“Lane”) 
appeals his convictions on two unrelated charges that were jointly tried: (1) 
possession of a controlled substance, namely cocaine, in the amount of more than 
four, but less than two hundred grams and (2) unauthorized use of a motor 
vehicle. We affirm.
II. MOTION TO SUPPRESS
        In 
his first issue, Lane complains that the trial court erred in overruling his 
motion to suppress evidence (the cocaine) because it was obtained through an 
unlawful search and seizure, specifically, a pretext stop of his vehicle. 
However, we need not address the merits of Lane’s first issue because it has 
been waived. It is well-settled that when a pre-trial motion to suppress 
evidence is overruled, the accused need not subsequently object to the admission 
of the same evidence at trial in order to preserve error. Williams v. State, 
834 S.W.2d 502, 507 (Tex. App.—Fort Worth 1992, pet ref’d.). However, when 
the accused affirmatively asserts during trial that he has “no objection” to 
the admission of the evidence complained of, he waives any error in the 
admission of the evidence despite the earlier adverse ruling. See Jones v. 
State, 962 S.W.2d 158, 167 (Tex. App.—Fort Worth 1998, no pet.).
        In 
this case, defense counsel filed a pre-trial motion to suppress asking the court 
to suppress the cocaine seized from him at the time of his arrest. After a 
hearing, the trial court denied Lane’s motion. During the guilt/innocence 
phase of the trial, when Lane’s counsel affirmatively stated that he had “no 
objection” to the introduction of State’s exhibits #2 and #3 (the cocaine) 
into evidence before the jury, he waived his right to complain on appeal about 
its admissibility. See id. Therefore, we overrule Lane’s first issue.
III. SUFFICIENCY OF EVIDENCE
        In 
his third issue, Lane complains that the trial court erred in overruling his 
motion for directed verdict because there was insufficient evidence to show that 
Lane lacked permission to operate the motor vehicle. “A challenge to the 
denial of a motion for an instructed verdict is actually a challenge to the 
legal sufficiency of the evidence.” Franks v. State, 90 S.W.3d 771, 789 
(Tex. App.—Fort Worth 2002, no pet.). In reviewing the legal sufficiency of 
the evidence to support a conviction, we view all the evidence in the light most 
favorable to the verdict in order to determine whether any rational trier of 
fact could have found the essential elements of the crime beyond a reasonable 
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. When performing a legal sufficiency review, we may not sit as 
a thirteenth juror, re-evaluating the weight and credibility of the evidence 
and, thus, substituting our judgment for that of the fact finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).
        In 
order to secure a conviction for unauthorized use of a motor vehicle, the State 
is required to prove that the defendant intentionally or knowingly operated 
another’s motor-propelled vehicle without the effective consent of the owner. Tex. Penal Code Ann. § 31.07 (Vernon 2003). “Owner” 
means a person who has title to the property; possession of the property, 
whether lawful or not; or a greater right to possession of the property than the 
actor.  Id. at § 1.07(a)(35)(A).
        Here, 
Ron Boyer was the owner alleged in the indictment. He testified that on December 
16, 2002, he was employed as the operations director for Hudiburg Chevrolet. In 
that capacity, when new vehicles arrived at the dealership, each was inspected 
under his supervision; keys, owner’s manuals, and warranty books were removed; 
and it was then logged into the dealership’s computer. Boyer testified that in 
the early morning hours of December 16, 2002, he received a call from the Fort 
Worth police department dispatcher regarding the Chevy Tahoe Lane was driving 
when he was stopped by a Fort Worth police officer. Boyer went to the 
dealership, pulled up the VIN number on the computer, and determined that the 
vehicle was listed in the dealership’s inventory and had not been sold. Boyer 
testified that he had never seen Lane before the day he appeared to testify in 
court, and he never gave Lane consent to operate the vehicle. He also testified 
that, in his role as operations manager and based on what he knows about the 
operation of Hudiburg Chevrolet, Lane did not have permission to drive the 
vehicle. Finally, Boyer testified that under certain circumstances, other 
management personnel could authorize a non-employee to drive the dealership’s 
vehicles, but he also testified that he checked with those managers the 
following day and “nobody authorized [the] vehicle to be gone.” Lane 
presented no evidence to rebut Boyer’s testimony.
        On 
appeal, Lane argues that because Boyer conceded he was not the only dealership 
employee who could authorize others to operate a vehicle, another employee might 
have given him permission to drive the vehicle, and this possibility renders the 
evidence of lack of consent insufficient. However, where the State proves the 
lack of consent of the owner alleged in the indictment, the State is not 
required to allege or prove lack of consent of any other party claimed to have 
authority to give consent. Fletcher v. State, 396 S.W.2d 393, 395-96 
(Tex. Crim. App. 1965), cert. denied, 386 U.S. 928 (1967). The consent of 
some party, other than the owner named in the indictment, who claims to have 
authority, is purely a matter of defense. Id; Pickens v. State, 
768 S.W.2d 496, 496 (Tex. App.—Houston [1st Dist.] 1989, no pet.). 
Here, Lane did not offer evidence that any authorized individual gave him 
permission to operate the vehicle. In the absence of such evidence, the 
testimony of lack of consent offered by Boyer, as the owner alleged in the 
indictment, was legally sufficient to prove that Lane lacked effective consent 
to operate the vehicle. We overrule Lane’s third issue on appeal.
IV. CONCLUSION
        Having 
overruled Lane’s issues on appeal, we affirm the judgments of the trial court.


  
                                                                  BOB 
MCCOY
                                                                  JUSTICE

  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 25, 2004


NOTES
1.  
See Tex. R. App. P.  47.4.
2.  
At oral argument, Lane, through his counsel, withdrew the second issue in his 
brief regarding the trial court’s denial of his request for a jury charge 
pursuant to Article 38.23 of the Texas Code of Criminal Procedure. Therefore, we 
will only address his first and third issues.