**Opinion issued March 7, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00495-CR

_____

### DWAYNE JAMELL BRADSHAW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 20-DCR-091365**

---

### MEMORANDUM OPINION

Dwayne Jamell Bradshaw appeals his conviction for burglary of a habitation. *See* TEX. PENAL CODE § 30.02(a)(3). After a jury trial, he pleaded true to an enhancement, and the trial court sentenced him to 16 years' imprisonment. On appeal, he argues (1) that certain testimony violated his rights under the

Confrontation Clause and (2) that the jury's verdict was not unanimous, causing him egregious harm. We affirm.

## Background

Bradshaw and the complainant had an infant child. The complainant and the infant lived with the complainant's mother in Fort Bend County. At trial, the jury heard from a Fort Bend County Sheriff's deputy that he responded to the complainant mother's address after a man called 911. He met the 911 caller outside the residence. From outside, the deputy could see Bradshaw in an upstairs window, and it looked like he was damaging the house. As he went inside the house, the deputy saw damage to the front door frame, as if the front door had been kicked in.

When he went inside, the deputy encountered the complainant and her mother. One of them yelled to him, telling him that Bradshaw was inside. The deputy stated that both the complainant and her mother seemed afraid, and they yelled, "That's him!" The deputy observed that the upstairs bedroom had been ransacked, with damage to many items inside it and the wall. He arrested Bradshaw and booked him into the county jail. Once he had detained Bradshaw, the deputy interviewed both women. The deputy testified that he had responded to the same address before for family violence.

A second sheriff's deputy testified to similar details about arriving at the house, finding the door kicked in, and observing the upstairs bedroom ransacked.

2

He spoke with the complainant and observed fresh scratches around her neck and ear. She seemed fearful and was reluctant to speak with him.

The complainant's mother testified at trial. She stated that she did not want to testify but appeared because she was subpoenaed. She said that she leased the residence and on the day of the incident, Bradshaw did not have permission to be in her home. He had been fighting with her daughter. She testified that Bradshaw kicked the door in. When she asked Bradshaw to leave, he ran upstairs and started "tearing stuff up."

An investigator testified that the complainant did not show up for a meeting with him on the day before trial. He called her and the complainant said that she was afraid of retaliation and did not want to testify.

The jury found Bradshaw guilty of burglary of a habitation. He pleaded true to an enhancement. The trial court made an affirmative finding that the offense involved family violence and sentenced Bradshaw to 16 years' imprisonment.

## Confrontation Clause

In his first issue, Bradshaw argues that the trial court committed constitutional error when it admitted the complainant's statements to a sheriff's deputy and an investigator in violation of Bradshaw's rights of confrontation. Specifically, Bradshaw contends that he was never given the opportunity to cross-

examine the complainant, who did not testify. The State responds that Bradshaw did not preserve this error.

The Confrontation Clause of the Sixth Amendment to the United States Constitution states "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Confrontation Clause bars the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable, and the defendant had a prior opportunity to cross examine him. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Error based on violations of the Confrontation Clause must be preserved. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding defendant failed to preserve error on Confrontation Clause ground because, although he objected at pretrial hearing to admission of statement on Confrontation Clause ground, he did not assert that objection at trial).

The complaining witness did not testify at trial. Defense counsel objected on hearsay grounds several times during the responding officer's testimony. The sheriff's deputy testified that he responded to the complainant's address and went upstairs where he encountered the complainant and her mother. He testified that the complainant's mother yelled, "That's him. He's over there." Bradshaw objected on hearsay grounds, and the objection was overruled. The officer testified that he then approached Bradshaw, told Bradshaw to come to him, grabbed him,

and detained him. The officer later testified that he spoke with both the complainant and her mother and that their stories were consistent with each other. Bradshaw's counsel objected on hearsay grounds, and the objection was overruled.

Defense counsel also lodged a hearsay objection during an investigator's testimony. The State asked the investigator if the complainant expressed feelings about coming to testify. Over defense counsel's hearsay objection, the investigator responded that the complainant said that she feared retaliation.

Defense counsel never mentioned the Confrontation Clause during trial. Confrontation and hearsay are distinct objections; confrontation raises constitutional issue, while hearsay invokes an evidentiary rule. *Paredes*, 129 S.W.3d at 535; *Ford v. State*, 179 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Bradshaw's appellate brief does not identify any particular part of the record or offer any legal argument to support the assertion that a Confrontation Clause objection was apparent from the context. Because Bradshaw does not direct us to any place in the record in which he objected to the admission of the officer's testimony or the investigator's testimony on Confrontation Clause grounds, we hold that Bradshaw has waived his complaint. TEX. R. APP. P. 33.1; *see Paredes*, 129 S.W.3d at 535 (holding defendant who complained on hearsay ground did not preserve Confrontation Clause issue).

## Jury Unanimity

In his second issue, Bradshaw argues that the jury charge did not require a unanimous verdict causing him egregious harm. Specifically, Bradshaw argues that the jury verdict was not unanimous because the charge listed two property owners in the alternative. We disagree because the charge still required the jury to agree on one discrete criminal incident.

## Standard of Review

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth analysis for determining whether jury charge error requires reversal). If the jury charge error has not been properly preserved by an objection or request for instruction, reversal is required only if the appellant suffered "egregious harm" from the error. *Id.*

"Under the Texas Constitution and Code of Criminal Procedure, a Texas jury must reach a unanimous verdict." *O'Brien v. State*, 544 S.W.3d 376, 382 (Tex. Crim. App. 2018). "[T]he jury must be unanimous in finding every constituent

element of the charged offense in all criminal cases." *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014) (citing *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007)). The jury must agree that the defendant committed one specific crime, but "this does not mean that the jury must unanimously find that the defendant committed that crime in one specific way or even with one specific act." *O'Brien*, 544 S.W.3d at 382; *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011) (unanimous verdict "means that the jury must agree upon a single and discrete incident that would constitute the commission of the offense alleged") (internal quotation and citation omitted). "[T]he jury must be instructed that it must unanimously agree on one incident of criminal conduct (or unit of prosecution), based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt." *Saenz v. State*, 451 S.W.3d 388, 390 (Tex. Crim. App. 2014) (quoting *Cosio*, 353 S.W.3d at 776).

"[T]he requirement of jury unanimity is not violated by a jury charge that presents the jury with the option of choosing among various alternative manner and means of committing the same statutorily defined offense." *O'Brien*, 544 S.W.3d at 382; *Jourdan*, 428 S.W.3d at 94; *Pizzo*, 235 S.W.3d at 715. "[A] jury must unanimously agree about the occurrence of a single criminal offense, but they need not be unanimous about the specific manner and means of how that offense was committed." *Young v. State*, 341 S.W.3d 417, 423 (Tex. Crim. App. 2011).

7

"'[M]anner or means' describes *how* the defendant committed the specific statutory criminal act." *Ngo*, 175 S.W.3d at 745. The State is permitted to plead alternate manner and means of committing the same offense. *Landrian v. State*, 268 S.W.3d 532, 535–36 (Tex. Crim. App. 2008). "Therefore, different modes of commission may be presented in a jury instruction in the disjunctive when the charging instrument, in a single count, alleged the different means in the conjunctive." *Jourdan*, 428 S.W.3d at 94 (internal quotation and citation removed). Jury unanimity requires evaluating whether the statute defining the offense created multiple, separate offenses, or only created a single offense with different methods or means of commission. *Pizzo*, 235 S.W.3d at 715.

To convict Bradshaw of burglary of a habitation, the State was required to prove that he entered the habitation without the consent of the owner. TEX. PENAL CODE § 30.02(a)(3). The gravamen of the offense of burglary is the entry, and the existence of multiple victims "does not convert a single unlawful entry into multiple burglaries." *Davis v. State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010); *see Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (determining allowable unit of prosecution in double jeopardy context for burglary to be unlawful entry with requisite mental state or further requisite act). The offense is complete once unlawful entry is made. *Cavazos*, 203 S.W.3d at 337 (unlawful

8

entry is gravamen of burglary because offense is complete once unlawful entry is made).

The Penal Code defines "owner" to include a person who has "a greater right to possession of the property than the actor." TEX. PENAL CODE § 1.07(a)(35). "Ownership of the burglarized premises may be proven in one of three ways: (1) title, (2) possession[,] or (3) a greater right to possession than the defendant." *Morrow v. State*, 486 S.W.3d 139, 164 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988)). The Penal Code's definition of owner is "expansive" and "give[s] ownership status to anyone with a rational connection to the property." *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011)). Where there is more than one owner of property, the State is required to allege and prove ownership in only one of them. *Pickens v. State*, 768 S.W.2d 496, 496 (Tex. App.—Houston [1st Dist.] 1989, no pet.).

**Analysis**

The indictment stated, "Dwayne Jamell Bradshaw heretofore on or about April 27, 2020, did then and there intentionally and knowingly enter a habitation, without the effective consent of [complainant's mother] or [complainant], the owner thereof . . . ." The jury charge stated:

> If you find beyond a reasonable doubt that on or about April 27, 2020, in Fort Bend County, Texas, the defendant

9

DWAYNE JAMELL BRADSHAW did then and there intentionally or knowingly enter a habitation, without the effective consent of [complainant's mother] or [complainant], the owner thereof, and attempted to commit or committed an assault against [complainant], then you will find the defendant "Guilty" of the offense of Burglary of Habitation.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant "Not guilty" of Burglary of Habitation as alleged in the indictment.

The jury charge set forth the single, specific statutory offense of burglary of a habitation, with alternative theories of committing the offense. *See Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004) ("The unanimity requirement is not violated by instructing the jury on alternate theories of committing the same offense . . . ."). The charge required the jury to decide whether a single unlawful entry occurred and alleged two different owners, either of whom had a greater right to possession than Bradshaw. *See* TEX. PENAL CODE § 1.07(a)(35). (defining owner).

Because unlawful entry is the gravamen of the offense of burglary, presenting alternate property owners, either of whom had a greater right to possession of the house than Bradshaw, did not violate the jury-unanimity requirement. We overrule Bradshaw's second issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).